OF THE STATE OF ARKANSAS. **671**

TERM 1854.]          Central Bank of Georgia vs. Veasey.

---

## CENTRAL BANK OF GEORGIA VS. VEASEY.

Where a judgment is the foundation of the action, a misdescription of it in any material matter would be a fatal variance: yet the pleader is not required to de-

scribe the recovery *in haec verba,* or according to its tenor, but may set it out according to its legal effect.

Where a judge, in his attestation that the certificate of the clerk is in due form, is described as judge of the court, it is a sufficient authentication under the act of Congress, as held in *Butler vs. Owen, 2 Eng.* 369, where there is nothing on the face of the record adduced, from which it could be inferred that the court was composed of more than one judge or magistrate.

*Error to Drew Circuit Court.*

The Hon. J. C. MURRY, Circuit Judge, presiding.

PIKE & CUMMINS, for the plaintiff. The only question in the case—variance between the declaration and the transcript offered in evidence—is settled by the following cases. *Adams vs. State use Wallace,* at July term, 1853. 7 *Eng.* 128. *Ib.* 183, 135, 171, 760, 766, 768. 6 *Eng.* 334. *Ib.* 344.

TRAPNALL, for the defendant. All averments in a declaration, by way of *description,* must be strictly and literally proved. (1 *Ch. Pl.* 335. 5 *Phil. Ev.* 254. 1 *T. R.* 656. 9 *East* 157. 4 *Barn. & Cress.* 403. 5 *id.* 339. 1 *Phil. Ev.* 511, 513. 7 *Cranch* 208, 217. 1 *Mass.* 54). An averment, therefore, that the plaintiff recovered against the defendant "the sum of one hundred and twenty dollars for her debt, as also the further sum of twenty-one dollars and thirty-three cents, *for her damages, which she had sustained by reason of the detention of said debt,*" &c., will not be sustained by a record showing a recovery of the plaintiff against the defendant, of "$120, for its principal debt and the further sum of $21 33 *for its interest.*"

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The action was debt, upon judgment rendered in another State. The allegation in the declaration, setting out the judgment, is that the plaintiff, on &c., at a superior court, held in the county of Talbot, in the State of Georgia, to wit, &c., by the consideration and judgment of said court, recovered against the defend-

ant the sum of one hundred and twenty dollars, for her debt, as also the further sum of twenty-one dollars and thirty-three cents for her damages, which she had sustained by reason of the detention of said debt, together with the further sum of ten dollars and fifty cents for her costs in and about said suit in that behalf expended, whereof the defendant was convict *prout patet per recordum*, &c. The transcript produced to the court below, upon the issue to the plea of *nul tiel record*, shows that, in an action of assumpsit, before the superior court of Talbot county, Georgia, the defendant confessed judgment to the plaintiff for the sum of one hundred and twenty dollars, principal, with interest and costs of suit, and the plaintiff's attorney signed judgment as follows: "Whereupon, it is considered by the court that the plaintiff do recover of the defendant the sum of one hundred and twenty dollars, for its principal debt, and the further sum of twenty-one dollars and thirty-three cents, for its interest, and the further sum of ten dollars and fifty cents, for costs of suit in this behalf expended," &c. In the authentication of the judgment, the judge, who certifies to the attestation of the clerk, styles himself thus: "I, Alfred Iverson, Judge of the Superior Courts of the Chatahoochee circuit, in said State, in which circuit is said county of Talbot," &c. The court below rejected the transcript offered in evidence, and gave judgment for the defendant.

We think there is no substantial variance between the judgment described in the declaration and that disclosed in the transcript. The original recovery, though informal, is, in effect, the same as that described by the pleader in this suit. It is true the cases cited for the plaintiff, among which are, *The State Bank vs. Gray*, 7 *Eng.* 760. *State Bank vs. Magness*, 6 *ib.* 343, and *The State Bank vs. Sherrill, ib.* 334, cannot be said to apply, because in those cases, the recital of the record was only inducement to the main fact intended to be established by it, that is, the institution of a former suit upon the same cause of action, to rebut the presumption arising from lapse of time; and the case of *Adams vs. The State for the use of Wallace*, at July term, 1853, was decided upon a like reason. But here the judgment sued upon

84

is necessarily the foundation of the action, and it must be conceded that a misdescription of it, in any material matter, would be a fatal variance. Yet in such cases the pleader is not required to describe the recovery *in haec verba*, or according to its tenor; but may set it out according to its legal effect. The rate of interest allowed by law, is the measure of damages for the breach of a contract to pay money, and whether the action be in form, assumpsit or debt, the damages, in the shape of interest, follow as a legal consequence upon the ascertainment of the debt. The judgment is correctly described, as to the parties, the court by whom rendered, its dates and amounts, and the declaration would therefore seem to be a compliance with the reason for the rule of pleading, that a contract must be accurately described in order to identify the cause of action, for the protection of the defendant and as a security against further litigation.

The cause of the rejection, not necessarily appearing, it may be possible that the Circuit Court excluded the transcript offered in evidence, upon the ground that it was not sufficiently authenticated; and so this court might have to hold, were it not for the decision in *Butler vs. Owen*, 2 *Eng*. 369, that where a judge in his attestation, is described as judge of the court, it is a sufficient authentication under the act of Congress, without saying that he is the judge, or sole judge; and we are not inclined to depart from the precedent there established in any case, where, as in the present instance, there is nothing on the face of the record adduced, from which it could be inferred that the court was composed of more than one judge or magistrate.

Reversed and remanded.