# Emfinger *et al.* v. Emfinger *et al.*

*Bill in Equity to declare Resulting Trust in Lands.*

1. *Bill to declare resulting trust in favor of wife in lands purchased by husband; burden of proof; sufficiency of evidence.*—On a bill filed to establish a resulting trust in favor of a wife in lands purchased by her husband with money belonging to and constituting a part of the wife's separate esla'e, the husband having taken the legal title in his own name, the burden of proof rests upon the complainant to show that the lands were purchased by the husband with the wife's money; and in such case the evidence should be clear, satisfactory and convincing.

2. *Same; same; case at bar.*—On a bill filed by the heirs at law of a wife to have a trust established and enforced in lands which were purchased by a deceased husband with money constituting a part of the wife's statutory separate estate, and to which lands the husband took title in his own name,

22c

[Emfinger *et al.* v. Emfinger *et al.*]

the complainant relied exclusively on the testimony of witnesses as to statements made by the husband as to the use of the wife's money by him in the purchase of the lands. These statements were to the effect that when he married he was a poor man working for wages and had never been able to save anything, that after his marriage he purchased 100 acres of land, which were paid for with money received by him from his wife's father's estate, and afterwards purchased 200 more acres of land, which were paid for by money of his wife received from her father's estate, and that these 300 acres of land were subsequently exchanged for the lands described in the bill. Opposed to this testimony, was the testimony of several witnesses as to statements made by the husband to the effect that he purchased the land in question with money which was the proceeds arising from the sale of 160 acres of land owned by him; that he never received any property from his wife, except 3 head of cattle; that these statements of the husband were made in the presence of the wife and were not disputed. It was further shown that after the land described in the bill was purchased by the husband, the father of the wife visited the husband and wife. There was also introduced in evidence a deed conveying to the husband the 160 acres of land, the proceeds of which were used in purchasing the lands in question. *Held*: That upon such evidence the complainants were not entitled to the relief sought.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. W. L. PARKS.

The original bill in this case was filed by M. C. Emfinger against the appellants. After the filing of the original bill, M. C. Emfinger died and the suit was revived in th name of W. O. Emfinger and Charles Dickinson, administrators of the estate of M. C. Emfinger, deceased. The purpose of the bill and the facts of the case are sufficiently stated in the opinion.

HARMON, DENT & WEIL, for appellants.—The final decree rendered August 7, 1901, is erroneous.—*Winston v. Mitchell*, 87 Ala. 395; s. c. 93 Ala. 514. Great strictness is required in the correspondence of the pleadings and proof in a case like this.—*Winston v. Mitchell, supra; McDonald v. Walker*, 95 Ala. 172.

FOSTER, SAMFORD & CARROLL, *contra,* cited *Derry v. Derry,* 74 Ind. 560; *Kimbrough v. Nelms,* 104 Ala. 554; *Haney v. Legg,* 30 So. Rep. 34.

DOWDELL, J.—The bill in this case is filed for the purpose of enforcing a trust in the land described, in favor of the complainants as the heirs at law of Martha Emfinger, deceased. The theory of the bill is, that the land was purchased by her husband, H. W. Emfinger, and paid for, with money belonging to and constituting a part of the wife's statutory separate estate, which came into his hands, as her husband, and this prior to the act of Feb. 28th, 1887, and when the husband was by the statute the trustee of the wife's separate estate, he taking the legal title in his own name.

The cause was submitted for final decree on the pleadings and evidence, and a decree was rendered granting the relief prayed for in the bill, and from this decree the present appeal is prosecuted to this court.

Waiving the consideration of all other questions presented by the record, it is our conclusion that on the facts in the case as shown by the evidence, the complainants are not entitled to the relief sought, and a decree should have been rendered in favor of the respondents, the burden of proof rested on the complainants under the denials of the answer to show that the land was purchased by the husband with the wife's money. And in cases of this character, as in bills for the reformation, or specific performance, of contracts, the evidence should be clear, satisfactory and convincing. For as was said in *Winston v. Mitchell,* 87 Ala. 309, "In cases of this character a closer correspondence between the pleadings and proof is required than in any other, except the analogous cases of bills for the reformation, or for the specific performance of contracts." In deciding appeals from the chancery court, section 3826 of the Code requires that no weight shall be given by this court to the decision of the chancellor on the facts, and that we must weigh the evidence, and give judgment as we deem just. To sustain the allegations in the bill as to the use of the wife's money by the husband in the purchase of the land, the complainants

rely exclusively on the testimony of witnesses as to statements made by the husband. Apart from the statements so testified to, there is not the slightest evidence that the wife owned or was ever possessed of a separate estate. These statements testified to as having been made by the husband were to the effect, that when he married his first wife, Martha, the maternal ancestor, through whom complainants claim, he was a poor man working for wages, and was never able to save anything. That he was then living in Chambers county where he married. That he moved to the county of Pike in 1852, and there purchased one hundred acres of land which was paid for with money received by him from his wife's father's estate, and afterwards purchased additional two hundred acres, which was paid for in part by money of his wife's received by him from her father's estate, and in part with borrowed money, which he repaid with money of his wife's, that was received from her father's estate. That this three hundred acres of land he afterwards exchanged for the land described in the bill, receiving fifteen hundred dollars as a difference in making the exchange. Opposed to this evidence, the testimony of respondent's witnesses as to statements made by the husband, H. W. Emfinger, is to the effect that when he moved from Chambers to Pike county and purchased the three hundred acres of land, he made the first payment with proceeds arising from the sale of one hundred and sixty acres of land that he owned in Chambers county, and borrowed four hundred dollars from one Carroll, with which he completed the payments on the land, and afterwards paid Carroll out of the crops raised on the land. That he never got any property from his wife, except three head of cattle. That these statements on two different occasions, were made in the presence of his wife, and were not disputed. There is no evidence as to means and circumstances of the wife's father, nor that he left any estate at his death. If he had, the probability is, that record evidence could have been obtained of any distributive share received by the daughter. The proof

without dispute does show that her father visited her and her husband several times after they had moved to Pike county and purchased three hundred acres of land. This in itself is inconsistent with the statement that the purchase money from the land came from this estate. The proof also shows that she knew that the legal title to the land was taken in the name of her husband, and yet from 1852, the date of the purchase of the one hundred acres down to the date of her death in 1899, it is not pretended that she ever claimed that she had any interest in the land. On the other hand, in support of the testimony of the respondent's witnesses who testified to the statements made by H. W. Emfinger as to how he purchased the land in part with the proceeds of the sale of one hundred and sixty acres of land, that he owned in Chambers county, and in support of his statements an old deed made in the year 1848, by one Thornton to H. W. Emfinger, was introduced in evidence, showing a conveyance of one hundred and sixty acres of land in Chambers county. This deed was made four year before his removal from Chambers to Pike county, and shows that at that time he owned 160 acres in Chambers county. Tax receipts were also introduced in evidence, showing that he paid taxes on property in Chambers county as far back as 1836. This evidence is inconsistent with the alleged statements made by him as to his not having anything, and purchasing the Pike county lands with his wife's funds. We have not undertaken to state all of the evidence, but its substance and effect, and under the state of the evidence, we are clearly of the opinion, that on the facts of the case, the complainants are not entitled to the relief sought. The decree of the chancellor will be reversed, and a decree will be here entered dismissing the bill. This view of the case renders it unnecessary to consider any other assignments of error on the ruling of the chancellor on the demurrers and motions.

Reversed and rendered.