(87 South. 91)

**ENTERPRISE AUTO CO. v. HUEY.**
(4 Div. 858.)

(Supreme Court of Alabama. Nov. 11, 1920.)

1. **Appeal and error ⚖══1009(4)—Chancellor's finding not disturbed unless against weight of evidence.**

Where the chancellor hears the witnesses on an issue of fact, his conclusion will not be disturbed on appeal, unless plainly and palpably contrary to the weight of the evidence.

2. **Trusts ⚖══110—To impress trust on property as purchased by attorney in breach of duty evidence must be clear and satisfactory.**

To impress property with a trust for the benefit of complainants on the theory that defendant purchased it after learning, as attorney for complainants, of complainants' intention to purchase it, the essential elements of the right of action must be clearly and satisfactorily established, so as to remove any reasonable doubt; and where there was grave doubt as to the existence of a relation of attorney and client, or whether such relation with respect to the property was ever the subject of conference before defendant's purchase, a decree for defendant was proper.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by the Enterprise Auto Company, a partnership composed of Henry A. Dorsey and another, against W. S. Huey to compel the conveyance by him of certain property. From a decree for respondent, complainant appeals. Affirmed.

The averments of the bill are that complainants desire to purchase certain property situated in the town of Enterprise then occupied by them as their place of business, and that they heretofore employed the defendant to represent them in various matters, and that he had always accepted employment from them. They informed him that they were contemplating purchasing this property and were beginning to make arrangements to acquire it, and wanted him to pass upon the title and to draw up the papers conveying title to them. Thereafter, and with this knowledge, respondent wrote McSwain, making him an offer for the property, and purchased the same from him, receiving from McSwain a warranty deed. On discovering this breach of duty to complainants they offered respondent the money he had paid for the property, together with a reasonable attorney's fee, and requested him to make them deeds to the property, and this he refused to do. Complainants now offer to pay same into court, and ask the court to compel respondent to execute his deed to them for the property. There was evidence introduced by both sides tending to support their various contentions, and the evidence is in irreconcilable conflict.

W. W. Sanders, of Elba, and H. L. Martin, of Ozark, for appellant.

The original brief filed by counsel, if one was filed, is not in the record, and in their reply brief counsel discuss the facts, but cite no authority.

J. A. Carnley, of Elba, Simmons & Yarbrough, of Enterprise, and Sollie & Sollie, of Ozark, for appellee.

Complainants did not make out their case with that clear and satisfactory averment of errors that is required. 62 Ala. 133; 62 Ala. 584; 166 Ala. 360, 52 South. 323.

McCLELLAN, J. The appellee, W. S. Huey, purchased of W. P. McSwain business property in the town of Enterprise, then occupied by appellants as tenants of McSwain, and upon full payment of the purchase money Huey received a warranty deed to the premises from McSwain. The appellants, through the original and amended bill, seek to impress this property with a trust to their benefit, and, in consequence, the divestiture of title out of Huey and their investment therewith upon performing the acts of equity which the bill offers to do.

The basis of appellants' assertion of right to this relief results, it is stated by them, from the breach by Huey, an attorney at law, of duties imposed upon him by the relation of attorney and client between him and appellants in respect of appellants' then already entered upon arrangements and negotiations for the purchase by appellants of this property; the attorney, when so advised of appellants' purposes and when engaged by them to investigate the title to the property, failing in his duty to inform appellants of his design to purchase it himself.

[1] The evidence was taken ore tenus by the trial court, the relief prayed being denied upon the ground that the evidential obligation assumed was not, to the requisite degree of certainty, satisfactorily discharged by the appellants, complainants. Where the chancellor hears the witnesses on an issue of fact, his conclusion will not be disturbed on appeal unless it is plainly and palpably contrary to the weight of the evidence. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Andrews v. Grey, 199 Ala. 152, 74 South. 62, among many others.

[2] To entitle a complainant to the relief here sought the evidence conducing to a conclusion favorable thereto must establish the essential elements of that right clearly and satisfactorily, removing reasonable doubt in the premises. Lehman v. Lewis, 62 Ala. 129, 133; Holt v. Johnson, 166 Ala. 358, 360, 361, 52 South. 323, among others.

A careful consideration of the entire record does not justify this court in disturbing the conclusion prevailing below, particularly since there is, to say the least of it, the gravest doubt whether the relation of attorney and client ever existed between Huey and appellants with respect to the purchase of this property by appellants, or whether such relation with respect to this property was ever the subject of conference or negotiation between Huey and appellants, before Huey instituted, or before he completed, his purchase of the property. And this conclu-

sion would prevail whether the affidavits, taken by both parties and referred to on the hearing for final decree, were given or denied consideration. In this state of uncertainty upon a vital feature of appellants' claim to the relief sought, the trial court correctly denied relief.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.