(89 South. 660)
**JONES et al. v. RUSSELL.    (6 Div. 398.)**

(Supreme Court of Alabama.    June 2, 1921. Rehearing Denied June 23, 1921.)

1. **Judgment ⬲631—Satisfied judgment against one of two joint tort-feasors may be pleaded as bar to recovery against other.**

A judgment against one of two joint tort-feasors and acceptance of satisfaction thereof by plaintiff may be pleaded by the other as a bar to recovery of even nominal damages in an action against him, though there was no common purpose binding the acts of the two, if their negligence united in causing the single injury to plaintiff; the conclusive presumption being that full damages were awarded.

2. **Judgment ⬲631—Satisfied judgment against owners of car striking deceased held good defense to action against defendant, by negligent operation of whose car former was caused to strike deceased.**

In an action against one by whose servant an automobile was negligently driven against another car, causing it to strike and kill plaintiff's minor son, plea setting up a prior judgment against and plaintiff's acceptance of satisfaction thereof by the owners of the latter car stated a good defense, whether or not the conduct of defendants in the two cases was joint or in concert; each being charged with causing or producing the same result.

3. **Judgment ⬲949(6)—Plea alleging prior judgment against joint tort-feasor held to sufficiently identify same, though not set out in hæc verba.**

In an action against one of two joint tort-feasors, pleas alleging a prior judgment against and plaintiff's acceptance of satisfaction thereof by the other held to sufficiently describe and identify such prior judgment, though not set out in hæc verba, it being sufficient to set it out according to its legal effect.

4. **Judgment ⬲949(1) — Plea of prior judgment against joint tort-feasor need not negative compromise judgment, or allege full satisfaction of plaintiff's cause of action.**

In pleading a prior judgment against a joint tort-feasor, it is not necessary to negative a compromise judgment or set up that such judgment was taken in full satisfaction of plaintiff's cause of action against each wrongdoer, defendant not being bound by the terms or conditions under which the judgment was rendered, and the presumption being conclusive that full damages were awarded plaintiff, on whose acceptance of satisfaction nothing was left to support an action against defendant.

5. **Pleading ⬲192(5), 364(6)—Futile attempt to incorporate prior judgment against joint tort-feasor in special plea sufficiently alleging same held surplusage, subject to motion to strike, but not to demurrer.**

In an action against one of two joint tort-feasors, a plea setting up a prior judgment against the other, which sufficiently described and designated the former suit and judgment, was good on demurrer, though defendant's attempt to make them a part of his special pleas was futile, such abortive attempt being mere surplusage, which should have been eliminated, if at all, by motion to strike instead of demurrer.

6. **Pleading ⬲409(4)—Want of special plea held waived by plaintiff's testimony as to facts pleadable.**

In an action against one of two joint tort-feasors, where plaintiff testified without objection or limitation at the time as to a prior judgment against the other wrongdoer for the same

cause of action, satisfaction of same and payment of costs, he waived defendant's failure to plead such judgment specially.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by J. I. Russell, as the father of Cy Russell, deceased, against A. L. Jones and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The case was originally stated in four counts, but during the trial all the counts were eliminated, except count 1, which is as follows:

"Plaintiff claims of defendants $50,000 damages for that heretofore on, to wit, April 26, 1919, while the plaintiff's minor son, Cy Russell, to wit, 15 years of age and a member of the plaintiff's family, was sitting upon the curbing of the sidewalk of a public street in the city of Bessemer, Jefferson county, Ala., and defendant's agent or servant, viz. Ben Gray, whose name to the plaintiff is otherwise unknown, while acting within the line and scope of his employment, then and there negligently ran an automobile against another automobile, which said other automobile was thereby caused to run against and kill the plaintiff's said minor child.

"And the plaintiff says that the death of his said minor son was proximately caused by the said negligence of defendant's said agent or servant, while then and there acting within the line and scope of his said employment."

Demurrers were interposed to this count, and were overruled, but in view of the opinion it is not deemed necessary to set them out. The defendant filed four pleas to the count, the first being a denial of the partnership between A. L. and L. W. Jones, under the name of Jones Taxi-Cab Company, which plea was verified. The second plea was the plea of general issue, and the other pleas were all marked, respectively, B and A, and they were duly verified. These pleas are as follows, together with the demurrers interposed thereto:

Pleas B and A are verified, and are in the following words:

Plea B: "Since this last continuance of this cause in this case these defendants would now appear to make this plea, separately and severally, and plead as follows to this count of the complaint: This identical plaintiff in this suit, for the death of this identical minor child, as alleged and embraced in this complaint, against these herein and above-named defendants in this suit, brought suit and had tried in this honorable court and did try and maintain such said suit for the same identical cause of action named in this suit, for the same and the identical same death to the identical same minor and the same identical plaintiff, against Mrs. W. B. Cannon and Garrett Cannon, as defendants, wherein and in complaint against the said named defendants for the wrongful death of the same and the identical minor son, the same identical cause of action, the same and the identical plaintiff, and did aver and allege in that suit against the said Mrs. W. B. Cannon and Garrett Cannon, or their agents or servants, that the said defendants in that said suit did proximately contribute to and cause the identical collision which was there alleged and the identical cause of action, and did there and then allege and aver against the said Mrs. W. B. Cannon and Garrett Cannon, who were joint tort-feasors that they or their agents or servants did occasion the death of this same and the identical minor child, of the same and the identical plaintiff, as alleged and averred in this suit against these defendants, which said suit was brought, tried, and maintained and then submitted to the jury in this same and the identical circuit court, Bessemer division, as this same said and this identical suit and identical court, which said suit, said pleadings, said trial, and records in the said circuit court are here made and referred to and made a part of this plea as if here set out in full and embraced herein, which said suit against the defendants aforesaid, it was therein alleged and averred and charged that it was the wrongful and unlawful acts of the said Mrs. W. B. Cannon and Garrett Cannon, which caused and proximately caused the death of the said minor the said same son of the plaintiff and the identical said cause of action as alleged herein and against these defendants and as alleged herein in this complaint, and these defendants aver that it was charged that it was the negligence of Mrs. W. B. Cannon and Garrett Cannon, their agents or servants, that produced and proximately caused the death of this identical minor son, the son of this identical plaintiff, and which is embraced and shown by the complaint and herein referred to and made part of this plea; that in that said suit against the said Mrs. W. B. Cannon and Garrett Cannon, the plaintiff, the identical plaintiff in this suit, did recover a judgment against the defendants, Mrs. W. B. Cannon and Garrett Cannon of and for the sum of $2,250 and all cost of that said suit, which has been fully and completely satisfied in this honorable court, and which is here made a part of and to be embraced and included in this plea, as if set out in full, and here referred to as if set out, and these defendants, now as joint tort-feasors, aver and here allege that the plaintiff, who is the identical plaintiff here, did receive, accept, and has been paid the said judgment, and so rendered for the death of the identical minor son, the identical cause of action set out and averred in this complaint, for the identical wrong therein and herein complained of, a full, complete, and entire satisfaction of the said judgment and costs of the said suit; therefore these defendants averred that this plaintiff for this cause of action is now estopped from the prosecution of this complaint and the wrongs herein set out and alleged and embraced in the complaint in this case in the rendition and satisfaction of the aforesaid judgment for this identical cause of action as averred and alleged in this complaint against these defendants, for the same and the identical cause of action, wrongful death and injury to the identical minor child and for the plaintiff in this suit."

Plea A: "Since the last continuance in the foregoing cause the defendants now appear, and for their plea separately and severally they

say and plead as follows against the cause of action in this suit:

"The identical plaintiff in this suit, for the death of the identical minor child as alleged in the complaint against this defendant, brought suit and tried and maintained suit against Mrs. W. B. Cannon and Garrett Cannon, as defendants therein and in the complaint for the wrongful death of the same identical minor son, and averred and did in that suit maintain that the negligence of the said Mrs. W. B. Cannon and Garrett Cannon or their agents or servants, proximately contributed to the collision which caused or occasioned the death of the said minor child; that the plaintiff brought suit against the said Mrs. W. B. Cannon and Garret Cannon in the circuit court of Jefferson county, Ala., Bessemer division, which said complaint, pleadings, records, and files are now on record and here made a part of this plea, in which suit against said defendants aforesaid it was alleged and charged of the wrongful death of the plaintiff's said minor son, identical as alleged in this suit against these defendants, here, caused by the wrongful act or negligence of the said aforesaid defendants, Mrs. W. B. Cannon and Garrett Cannon, that in that said suit the identical plaintiff for the identical minor son as here alleged in this complaint the plaintiff recovered judgment for the sum of $2,250 against the said defendants, and received from the defendants said such sum of money in satisfaction of the judgment so rendered in said cause against the said defendants, and the defendants each separately and severally aver that the agents and operators of the alleged automobile in this case were joint tort-feasors in said collision; therefore the defendants pray that judgment in full satisfaction be rendered for and in their behalf in this suit.

"The defendants separately and severally aver that the cost of this suit and the suit against the aforesaid defendants by this plaintiff were joint torts.

The plaintiff demurred to each of these pleas on the following counts:

"First. Because it fails to appear therefrom that the said statement was rendered in full satifaction of the plaintiff's entire claim for the commission of said tort.

"Second. Because from aught that appears therefrom the said alleged satisfaction of the said statement was not a satisfaction of the plaintiff's claim against the defendant in this suit.

"Third. Because from aught that appears therefrom the said statement referred to therein and alleged to have been paid was a compromise pro tanto settlement of the plaintiff's claim, and operated only to release the defendant in said suit in which said statement was rendered.

"Fourth. Because from aught that appears therefrom the plaintiff in this cause had not received the payment of said statement in satisfaction of his claim for the commission of said tort.

"Fifth. Because it does not appear therefrom that the satisfaction of the said statement in the suit against Mrs. W. B. Cannon and Garrett Cannon was a satisfaction of the plaintiff's claim against this defendant for the commission of said tort.

"Sixth. Because it fails to appear therefrom that the said statement rendered in said Bessemer division of the circuit court of Jefferson county against Mrs. W. B. Cannon and Garrett Cannon rendered by a jury or otherwise than by consent of the parties to said suit as a compromise settlement between the parties thereto and limited in effect to the parties thereto.

"Seventh. Because it fails to appear therefrom that the said defendant in said suit against Mrs. W. B. Cannon et al. were joint tort-feasors with the defendant in the said suit at bar.

"Eighth. Because from aught that appears therefrom the said sum paid under said statement against said Mrs. W. B. Cannon and Garrett Cannon did not operate as a release of the defendant in the suit at bar, but only operated in mitigation of the claim against the defendant in the case at bar.

"Ninth. Because the averments thereof are insufficient, if true, to constitute a bar of the plaintiff's claim in this suit.

"Tenth. Because the record of said statement is insufficiently set forth.

"Eleventh. Because it appears from said statement that the same was rendered by consent and compromise between the plaintiff and defendant as a partial settlement only of the plaintiff's claim for the damages done, and that it was the intention of said parties to said suit that said statement should not operate as a release or affected by such statement of settlement.

"Twelfth. Because it appears from said statement that the plaintiff's claim against the defendant in the case at bar was not satisfactory or discharged."

The trial court sustained the said demurrers and said pleas B and A and this action of the court affords the basis for the second and third assignments of errors.

There was verdict and judgment in favor of the plaintiff and against all of the defendants for $2,000. Immediately on the coming in of the verdict the defendants made a motion for judgment for the defendants, the verdict of the jury notwithstanding. This motion appears on pages 64 and 65 of the record. The court overruled this motion, and this affords grounds for an assignment of error. Following this a regular motion to set aside the verdict of the jury and grant a new trial was made. This motion was overruled and this action of the court is assigned as error.

Pinkney Scott and Huey & Welch, all of Bessemer, for appellants.

The court was in error in sustaining plaintiff's demurrer to plea B and in declining to give the affirmative charge. 146 Ala. 333, 40 South. 106; 160 Ala. 590, 49 South. 340; 200 Ala. 221, 75 South. 979; 172 Ala. 60, 55 South. 305; 146 Ala. 240, 40 South. 612; 62 Ala. 446; 19 Ala. 647, 54 Am. Dec. 203; 52 Ala. 506; 20 Ala. 320; 66 Ala. 129; 43 La. Ann. 1136, 10 South. 180; 2 Black on Judgments, § 782. The above authorities demon-

strate that the court was in error in refusing the several charges requested by the defendant.

Goodwyn & Ross, of Bessemer, for appellee.

Conceding that error intervened the ruling on the pleadings, that error cannot be availed of here, because of omission from the records of the trial and judgment at the former trial. 96 Ala. 515, 11 South. 695; 85 Ala. 598, 5 South. 252; 179 Ala. 436, 60 South. 861. The court was not in error in its rulings on the pleading. Section 3973, Code 1907; 203 Ala 231, 82 South. 481; 11 Ala. App. 496, 66 South. 885; 160 Ala. 590, 49 South. 340; 58 Ala. 600; 123 Ala. 289, 26 South. 939. Counsel discuss other matters not touched on in the opinion.

On rehearing, in addition to the authorities above cited, they cite 150 Ala. 306, 43 South. 711, and 73 Fla. 1103, 75 South. 797, on the proposition above referred to.

ANDERSON, C. J. [1] It is a familiar principle of law that where there has been a judgment against one of two joint tortfeasors, followed by an acceptance of satisfaction of such judgment by the plaintiff, the judgment and satisfaction may be successfully pleaded by the other joint tortfeasor to the further maintenance of the suit by the same plaintiff involving the same cause of action. This rule also obtains notwithstanding there was no ligament of a common purpose binding the acts of the two if their acts of negligence united in causing the single injury to the plaintiff.

"A rational rule deduced from the authorities * * * would seem to be that, 'Where one has received an injury at the hands of two or more persons acting in concert, or acting independently of each other, if their acts unite in causing a single injury, all of the wrongdoers are liable for damages occasioned by the injury.' It is also manifest that this single injury, in itself or of itself, indivisibly constitutes an indivisible cause of action. This is true, notwithstanding the fact that the party injured could maintain separate suits on this cause of action against the tort-feasors at the same time, and could have sued them jointly, and the mere pendency of suit or judgment without satisfaction could not be set up in defense by either tort-feasor. * *. * But when she successfully prosecuted her single cause of action against one of the tort-feasors, and received satisfaction in full of the judgment, that was satisfaction for the entire injury, for the single cause of action, and after satisfaction, although it moved from only one of the tort-feasors no foundation remained for a suit against any one. Her cause of action was extinguished." McCoy v. L. & N. R. R., 146 Ala. 333, 40 South. 106 and numerous authorities there cited.

See, also, Cooley on Torts p. 247, Matthews v. Delaware Co., 56 N. J. Law, 34, 27 Atl. 919, 22 L. R. A. 261.

"The conclusive presumption is that the full damages were awarded the plaintiff in the judgment that was satisfied. The cause of action being extinguished by the acceptance of satisfaction by the plaintiff, there is nothing to support the action against the defendant, even for the recovery of nominal damages." McCoy's Case, supra.

[2-4] We think that the special pleas of the defendant bring this case under the influence of the rule above declared, for whether the conduct of the Cannons as set out in the first suit and that of the defendants in the present one was or was not joint or in concert, each was charged with causing or producing the same result, to wit, the death of the plaintiff's minor son. The pleas sufficiently describe and identify the suit and judgment against the Cannons and aver that the judgment had been paid and satisfied as well as the cost. Perkins v. Moore, 16 Ala. 17. See plea in McCoy Case, supra. The judgment and pleading in the first suit did not have to be set out in hæc verba; it is sufficient to set it out according to its legal effect. 11 A. & E. of Pl. & Pr. page 1127, Central Bank v. Veasey, 14 Ark. 671, 17 A, & E. Pl. & Pr. p. 935. The pleas did not have to negative a compromise judgment, or set up that the judgment was taken in full satisfaction of the plaintiff's cause of action against each and all of the wrongdoers. Those defendants are not concerned with or bound by the terms or condition under which the first judgment was rendered, if the same has been satisfied. The plaintiff did not have to accept satisfaction of the judgment before the termination of the present suit, but when he did he could not qualify or limit the legal effect of same upon the present action. For, as above stated, it is a conclusive presumption of law that full damages were awarded the plaintiff in the judgment that was satisfied and the acceptance of satisfaction of said judgment by the plaintiff left nothing to support this action against these defendants.

[5] While the defendants' special pleas A and B contained unnecessary repetitions and could have been shorter, they substantially and sufficiently set up facts which, if proved, would be a legal bar to the plaintiff's recovery in the present action, and said pleas were not therefore subject to any of the grounds of demurrer interposed to same, and which were erroneously sustained by the trial court. True, the pleader, while sufficiently describing and designating the former suit and judgment, made a futile attempt to make the same a part of the special pleas in the present case, but such abortive attempt merely made the same surplusage, and which did not therefore effect the pleas which were otherwise good and sufficient. Of course, had the pleas been insufficient without incorporating therein the pleading and judgment in the former suit, the omis-

sion of same should be raised by demurrer, but, as said pleas did not have to set out the judgment or pleading in the former suit in hæc verba, and sufficiently informed the plaintiff of the nature and character of the former suit and the result of same, the improper method of adopting the same as a part of the pleas was of no importance, was immaterial, and was therefore mere surplusage, and which should have been eliminated, if at all, by a motion to' strike instead of demurrer. Davis v. L. & N. R. R., 108 Ala. 660, 18 South. 687; Hightower v. Ogletree, 114 Ala. 94, 21 South. 934. On the other hand, should this be conceded to be a demurrable defect, the only ground of demurrer which attempts to raise the question is the tenth, and which is inapt as the record of the judgment was sufficiently set forth therein it being so described and identified as to meet the requirement of the rules of pleading.

[6] Moreover, apart from the improper elimination of the defendants' special pleas, the plaintiff proved when a witness without objection or a limitation at the time, the judgment against the Cannons for the same cause of action, the satisfaction of same, and the payment of cost, and this should operate as a waiver of the defendants' failure to plead the same specially. Flandreau v. Downey, 23 Cal. 354.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

### Upon Rehearing.

ANDERSON, C. J. Counsel for appellee seem to base their complaint against the foregoing opinion upon the grounds that it adheres to and quotes rather copiously from the McCoy Case, supra, and because of the fact that it does not allude to or discuss the case of Home Telephone Co. v. Fields, 150 Ala. 306, 43 South. 711, and other cases cited in their former brief. We thought the McCoy Case apt and in point, and as it cites cases from other jurisdictions as well as from our own court, covering a period of over 50 years, in line with said holding, we did not deem it necessary or proper to again cite them or to quote therefrom in the present opinion. Indeed, when a question has been well and finally settled by former decisions of this court subsequent decisions upon the same point should be as brief as possible, and not strung out to an unusual length by needless quotations and repetitions.

As to the failure to notice or comment upon the Fields and other cases cited, we meant no disrespect to the able counsel for the appellee, whose briefs are usually helpful and accurate, but felt that in this instance these cases were so inapt and foreign to the present case that an attempted differentiation was needless. The McCoy Case was not only in existence when the Fields Case and other cited by counsel for the appellee were decided, but the question there decided was in line with other cases there cited, and neither the court in the Fields Case nor the eminent counsel in same deemed said McCoy Case as of such similarity as to be noticed either in the opinion or briefs. They deal with entirely different questions, one with ordinary releases or receipts and the effect to be given same under the statute, and the other with judgments and the legal effect of the satisfaction of same upon other actions against joint tort-feasors, a question to which the statute as to releases and receipts does not apply.