(97 South. 914)

## NATIONAL LIFE & ACCIDENT INS. CO. v. WHITE. (8 Div. 589.)

(Supreme Court of Alabama. Nov. 11, 1923.
Rehearing Denied Nov. 22, 1923.)

**1. Pleading ⟂409(4)—Sufficiency of plea immaterial where facts were proved without dispute.**

In action on accident policy, the sufficiency of defendant's plea setting up a release, if tested by demurrer, under Code 1907, § 3973, is immaterial, where the execution of the release was proved without dispute.

**2. Pleading ⟂178—Replication seeking to avoid release held demurrable.**

In action on accident policy defended on the ground that the plaintiff had signed a release releasing defendant from further liability, a replication which neither denied nor confessed the execution of the release, but sought to avoid it if it was executed, *held* demurrable.

**3. Pleading ⟂173—Replication to plea that plaintiff had released defendant, setting up fraud and waiver in the disjunctive, demurrable.**

In action on accident policy defended on the ground that plaintiff had released defendant from further liability, a replication pleading fraud in procuring the release, and a waiver of defendant's rights under the release, in the disjunctive, would have been demurrable on the ground that it set up several distinct answers to the plea.

**4. Insurance ⟂665(1)—Evidence held not to prove that release was procured by fraud.**

In action on accident policy defended on the ground that plaintiff had released defendant from further liability, evidence *held* insufficient to prove that such release was procured by fraud.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

Action on a policy of accident insurance by Emanuel White against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Defendant's plea 5 is as follows:

"(5) For further plea the defendant says that, within 90 days after said alleged accident and on, to wit, the 17th day of November, 1920, the plaintiff furnished the defendant a proof of loss, claiming a total disability from the 27th day of October, 1920, to the 4th day of November, 1920, and claiming a partial disability from the 4th day of November, 1920, to the 12th day of November, 1920. The defendant alleges that thereupon it paid to the plaintiff, by its voucher check No. 36596, the sum of $12.50. And the defendant alleges that on the back of said voucher check there was stamped the following: 'In full settlement of all claims under policy No. 117593 on account of any injury sustained or illness or disease contracted prior to the date of this voucher check,' and that following said statement on the back of said voucher check was printed the following: 'The payee by his indorsement acknowledges receipt of the amount of this check in full settlement of the items and for the purpose described above,' following which is the indorsement and signature of Emanuel E. White, the plaintiff. And defendant alleges that the policy sued on is numbered 117593, wherefore plaintiff should not recover."

Plaintiff's replication 5 is as follows:

"(5) In answer to plea numbered 5, plaintiff says that to the best of his knowledge and belief he did not sign any such paper releasing the defendant from any and all indemnities which might accrue under the policy by reason of the accident alleged in the complaint in this case, and that if he did sign any such paper his said signature was obtained by fraud or misrepresentation on the part of the defendant through their agents. That it was not intended by plaintiff or by said agents of the defendant company that said release should operate further than as to the particular weekly indemnity which was being paid, and that the paper signed by plaintiff when he received the one weekly payment was the same kind of paper that he had always signed when receiving any one weekly indemnity under the said policy, and the defendant company gave plaintiff reason to believe that he was only releasing the company for the one weekly indemnity. And for further answer to said plea plaintiff says that the defendant waived any rights they may have had by reason of said alleged release by subsequently tendering to plaintiff one week's indemnity for partial disability."

Charge 2, given at plaintiff's request, is as follows:

"(2) I charge you, gentlemen of the jury, that, if you believe the defendant or its agents refused to provide plaintiff with the necessary forms to fill out, when they were called for, then the defendant waived their rights as to notice and report."

Bradshaw & Sims, of Florence, for appellant.

The defendant was entitled to the affirmative charge on its special plea No. 5. Hand Lbr. Co. v. Hall, 147 Ala. 561, 41 South. 78; Borden v. Vinegar Bend Lbr. Co., 7 Ala. App. 335, 62 South. 245. The giving of charge 2 for plaintiff was error.

J. Fred Johnson, Jr., of Florence, for appellee.

The law will not allow one to mislead another to his injury, whether by ignorance, negligence, or design. 145 Ark. 420, 224 S. W. 953, 13 A. L. R. 1387; 99 Ohio St. 343, 124 N. E. 223, 7 A. L. R. 182.

ANDERSON, C. J. [1-3] Whether or not the defendant's special plea 5, setting up a release, would have been sufficient if tested

by demurrer, Code 1907, § 3973, we need not decide as the same was proven without dispute, and the defendant was entitled to the general charge, unless the evidence supported the material averments of the plaintiff's replication to said plea. The replication No. 5 neither denies nor confesses the execution of the release, but seeks to avoid same, if it was executed, and was bad as against an appropriate demurrer. Cen. of Ga. v. Williams, 200 Ala. 75, 75 South. 401; Smith v. Agee, 178 Ala. 627, 59 South. 647, Ann. Cas. 1915B, 129. The replication also, in the conjunctive, seeks to set up fraud in procuring the release if it was given; that it was not intended that the paper signed by plaintiff was to operate as a release of the entire claim, but related only to the weekly indemnity then paid; and that it was the same kind of paper that he had always signed when receiving other weekly indemnity. The said replication also sets up a waiver of all rights of the defendant under the release by subsequently tendering to the plaintiff one week's indemnity for partial disability. While this replication was not only demurrable as above suggested, and was also bad for setting up several separate and distinct answers to the plea, if in the disjunctive, still these defenses seem to be in the conjunctive, and, whether the replication be bad or not, an appropriate demurrer was not interposed, or, if it was, is not insisted upon in brief of counsel, so we must consider the same as an answer to said plea 5.

[4] There was no proof as to the first averment, as the undisputed evidence shows that plaintiff did sign the release, and that there was no fraud on the part of defendant's agents in procuring said signature. While the plaintiff testified that the release signed was the same "sort of check I always got when I got my weekly indemnity," there was no proof that he got other weekly indemnities, and, if it be inferred that he did, they may have been for a separate and distinct injury, which may have been entirely covered by but one week's indemnity. In other words, said other checks may have been in full of the claim instead of a partial payment merely. Moreover, the statement signed by the plaintiff recites that he had never previously made a claim for indemnity under an accident or health policy. Nor was there any proof of a waiver of the release by the defendant by subsequently tendering plaintiff one week's indemnity for partial disability as averred in the last part of said replication. The defendant having proved its plea 5, and the plaintiff having failed to offer proof in support of the material averments of his replication to said plea, the trial court erred in refusing the general charge requested by the defendant.

The trial court also erred in giving charge 2 at the request of the plaintiff, as it, in effect, assumes that the blanks were called for after the check was given when the evidence was in sharp conflict as to this fact.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.