(113 So. 231)

## CAWTHON v. JONES.   (6 Div. 840.)

Supreme Court of Alabama.   May 26, 1927.

**1. Trusts ☞62—Rule of resulting trust depends on equitable presumption of intention.**

The rule of resulting trust depends on the equitable presumption of intention.

**2. Trusts ☞89(5)—Burden was on complainant to establish resulting trust by clear, convincing, and unequivocal evidence that he furnished purchase money.**

Burden of proof was on plaintiff seeking to establish a resulting trust in lands to show by clear, convincing, strong, and unequivocal evidence that he furnished the money for the purchase of the land, and that title thereto was erroneously or wrongfully taken in the name of another.

**3. Pleading ☞409(4)—Question raised by plaintiff's own testimony held within issues, notwithstanding absence of special plea raising such issue.**

In action to establish resulting trust in lands, question of gift *held* within the issues, notwithstanding absence of special plea of gift, where inference of gift was within plaintiff's own evidence.

**4. Trusts ☞89(2)—Evidence held insufficient to establish resulting trust in lands.**

In action to establish resulting trust in lands, evidence *held* insufficient to show that plaintiff gave defendant money to be used in purchase of the lot under agreement that lot was to be conveyed to plaintiff.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill by A. K. Cawthon against Lanis M. Jones to establish a resulting trust in lands. From a decree denying relief, complainant appeals. Affirmed.

E. H. Dryer and W. B. Harrison, both of Birmingham, for appellant.

No evidence will be considered except that relating to matters alleged in the pleading. 21 C. J. 552. Parties must be left to their choice in methods of presenting their claims. Winter v. Pool, 100 Ala. 503, 14 So. 411; Carter v. Shugarman, 197 Ala. 577, 73 So. 119. The defendant cannot be permitted to prove, in bar of the relief sought by the bill, a fact which he failed to put in issue in his answer. Grady v. Robinson, 28 Ala. 289. Allegata and probata must correspond. Hooper v. Strahan, 71 Ala. 75; A. G. S. v. Cardwell, 171 Ala. 274, 55 So. 185. The proof having established and the court having found that complainant's money bought and paid for the property, the law created a trust in his favor. Montgomery v. McNutt, 214 Ala. 693, 108 So. 752; Guin v. Guin, 196 Ala. 221, 72 So. 74; Heflin v. Heflin, 208 Ala. 69, 93 So. 719.

Hugh A. Locke and Frederick V. Wells, both of Birmingham, for appellee.

In order to establish a resulting trust in realty, complainant must prove facts to create or support the presumption of intention. Evidence to support such a trust must be clear, strong, and unequivocal. Montgomery v. McNutt, 214 Ala. 692, 108 So. 752; 3 Pomeroy's Eq. Jur. 2358; Lord v. Reed, 254 Ill. 350, 98 N. E. 553, Ann. Cas. 1913C, 139; Kimbrough v. Nelms, 104 Ala. 554, 16 So. 619; Emfinger v. Emfinger, 137 Ala. 337, 34 So. 346. A substantial variance is fatal to complainant's case. Reliance Life Ins. Co. v.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 215 Ala. 259.

Russell, 208 Ala. 559, 94 So. 748; Am. Ry. Express Co. v. Stanley, 207 Ala. 380, 92 So. 642. Want of a special plea is waived, where complainant's own evidence goes to prove the facts pleadable. Jones v. Russell, 206 Ala. 215, 89 So. 660; Nat. L. & A. Ins. Co. v. White, 210 Ala. 345, 97 So. 914. A judgment of a court sitting without a jury has the conclusive force and effect of a jury verdict. Wallace v. Am. Wholesale Corp., 20 Ala. App. 642, 104 So. 776; Christie v. Durden, 205 Ala. 571, 88 So. 667.

THOMAS, J. [1, 2] The rule of resulting trust "depends upon the equitable presumption of intention." 3 Pomeroy, Eq. Jur. 2358; Lord v. Reed, 254 Ill. 350, 98 N. E. 553, Ann. Cas. 1913C, 139. The rule of resulting trust and the burden of proof in the premises was recently discussed in Montgomery v. McNutt, 214 Ala. 693, 108 So. 752, Heflin v. Heflin, 208 Ala. 69, 93 So. 719, and Guin v. Guin, 196 Ala. 221, 72 So. 74, and need not be repeated. No good purpose would be conserved by a detailed discussion of the respective tendencies of the evidence. It is sufficient to say that we are of the opinion that the decree of the circuit court is correct in denying the relief prayed and in dismissing the bill. The burden of proof was upon Cawthon, seeking benefit of alleged resulting trust, to show by evidence, clearly and convincingly, his right of recovery as prayed—that he furnished the money for the purchase of the land and the title was erroneously or wrongfully taken in the name of another (Guin v. Guin, 196 Ala. 221, 72 So. 74)—by evidence clear, convincing, strong, and unequivocal (Emfinger v. Emfinger, 137 Ala. 337, 34 So. 346). There was ample evidence to support the judgment rendered and from which the appeal is taken.

[3] The question of gift was within the issues adduced by the tendencies of the oral evidence, though there was no special plea of gift. Such inference was within complainant's own evidence. Jones v. Russell, 206 Ala. 215, 89 So. 660; Nat. Life & Accident Ins. Co. v. White, 210 Ala. 345, 97 So. 914. Complainant alleged that on or about February 1, 1920, he "delivered to the said (respondent) $5,500, with which to purchase and pay the purchase price for the" lots specifically described, with the agreement and understanding with the said Lanis M. Jones that said property was to be conveyed to your complainant and a deed made to your complainant"; that she "purchased said lot, but that instead of having the title conveyed to your complainant she took a conveyance to herself and had the then owner of said property, W. E. Shine and his wife, to execute a deed conveying said property to her * * * that he paid all the purchase price for said land and that both under agreement heretofore referred to between himself and the said defendant, and in equity and good

conscience the title to said land should be invested in him."

The answer was as follows:

"Respondent denies that complainant ever gave her the sum of $5,500, or any other sum of money, to pay the purchase price of the property described in said paragraph, or of any other property, or that she had any agreement or understanding with complainant that said property, or any other property, was to be conveyed to complainant or a deed made to him, and says that said property was purchased entirely with funds belonging to respondent and that complainant did not furnish any portion of the purchase price thereof.

"For answer to paragraph 3 of said bill, respondent admits that she purchased said property from W. E. Shine on or about the date alleged, and that he and his wife made respondent a deed thereto, but says that complainant had no part in said purchase and did not contribute any money to the purchase of said property.

"For answer to paragraph 4 of said bill, respondent says that all of the allegations thereof are absolutely untrue, and says that she is the owner of said property, both legally and equitably; that she furnished out of her own funds all of the purchase price thereof that has been paid on said property; that complainant has contributed nothing to the purchase price of said property and has no title or interest therein, either at law or in equity."

Thus the issues were broad enough, as treated by the trial court, to warrant the evidence offered and the treatment thereof by the court necessary to a right inquiry of fact of gift vel non of moneys or the payment thereof to respondent under an agreement to purchase real property in the name of the complainant. Complainant failed to establish his right to relief by evidence that was strong, unequivocal, and convincing. Holt v. Johnson, 166 Ala. 358, 52 So. 323; Kimbrough v. Nelms, 104 Ala. 554, 16 So. 619; Emfinger v. Emfinger, supra. He had the burden of showing (under his bill) that he gave money to the respondent for the purpose of buying the property described and to take the title in his name; the answer denied that he gave her money for such purpose, or that his moneys went into its purchase. The lower court found on oral testimony that the circumstances surrounding the transaction induced the conclusion that, if appellant advanced any money to respondent, it was not for the alleged purpose of the bill.

[4] The fact appellant gave to her the money to be used in the purchase of the lot and that it was under agreement that it be conveyed to him are facts not clearly and satisfactorily proved. Mrs. Nolen testified that she loaned her said sister "$2,000" at said time "for the purpose of payment on a home to be selected by her"; the husband showed that he and the wife, desiring to get away from the old situation and influence, proceeded to Birmingham to buy a place; and to that end he asked the general superintendent of

the company, by whom he was employed, to transfer him to said point; that he had $1,-300 in a bank at Columbus at the time; that the wife's mother and sister let her have money, and he knew that when the wife "left Georgia to come over here (Birmingham) to purchase that property, she had as much as $5,000. This is consistent with the deposits made in the bank.

Under the issues of pleading and fact, complainant had the burden of proving the advancement of $5,000, and that it was made with the purpose of the purchase, in his name, of said real estate. To establish the trust sought by the pleadings, the evidence must be strong and unequivocal and of such a nature as to disclose the exact rights and relations of the parties described. Emfinger v. Emfinger, 137 Ala. 337, 34 So. 346.

In Holt v. Johnson, 166 Ala. 358, 360, 52 So. 323, 324, it is said:

"The theory of the bill invokes a familiar phase of equity and jurisprudence, viz. the establishment and enforcement of an implied trust. Such implied trusts reckon the legal title in another, and to avoid the conveyance, in cases of the character here presented, and to establish the trust resting, as it does, entirely in parol, it is well understood that the evidence must be 'strong and unequivocal and of such character as to disclose the exact rights and relations of the parties' (Jones on Ev. [2d Ed.] § 422); or, as said in Lehman v. Lewis, 62 Ala. 133, the proof 'must be clear, full, and satisfactory and convincing'; or, as written in 1 Perry on Trusts, 137, 'the facts in all cases (of the character in hand) must be proved with great clearness and certainty * * * and facts that only base a conjecture that the conditions of a resulting trust existed are insufficient.'· While the measure of certainty indicated is always requisite, yet that measure does not require the 'clearest and most positive proof' of the existence of conditions of a resulting trust. 1 Perry on Trusts, 137. The satisfaction of the mind of the trior of the facts will suffice."

And in Enterprise Auto Co. v. Huey, 204 Ala. 635, 87 So. 91, the rule is thus declared that, to entitle relief, the "evidence conducing to a conclusion favorable thereto must establish the essential elements of that right clearly and satisfactorily, removing reasonable doubt in the premises."

A careful consideration of the entire record does not justify this court in disturbing the conclusion prevailing below. Moreover, the court saw and heard the witness and was the better able to judge the credibility and weight of their testimony. Andrews v. Grey, 199 Ala. 152, 74 So. 62; Hackett v. Cash, 196 Ala. 403, 72 So. 52; Enterprise Auto Co. v. Huey, 204 Ala. 635, 87 So. 91.

The decree is affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.