# Milner *et al.* v. Stanford.

*Bill in Equity to Establish a Resulting Trust.*

1. *Bill for specific performance of contract; amendable so as to make it a bill to establish resulting trust.*—A bill filed to enforce the specific per-

formance of a contract for sale of lands may be amended so as to make it a bill for the establishment of a resulting trust in said lands ; the relief to which the complainant is entitled being precisely the same in both instances.

2. *Resulting trust; when declared.*—A resulting trust will only be declared when it is clearly shown that the purchase was with funds previously belonging to the party asserting the trust, and that it was made for him, or that the purchase money, presently advanced by the purchaser, was a loan to him, for the security of which the legal title is taken to and in the name of the purchaser.

3. *Bill to establish resulting trust; allegations and proof must correspond.*—Where, in a bill filed for the establishment of a resulting trust, the averments make a case for the declaration and execution of such trust, but the evidence establishes a purchase of the lands by defendant with his own means, and a sale by him to the complainant, the latter paying the price agreed on between them, and not a purchase by defendant for complainant and payment therefor with the latter's funds, the complainant is not entitled to the relief prayed for, because the allegations of the bill are not supported by the evidence ; and the bill should be dismissed.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on May 16, 1889, by the appellee, A. J. Stanford against the appellants ; and, as amended, prayed for the establishment of a resulting trust in certain described lands. The respondents moved the court to strike out the amendment, also demurred to the bill as amended on the ground, that the amendment was an entire departure from the original bill. All the other facts are sufficiently stated in the opinion. Upon the final submission of the cause, on the pleadings and proof, the chancellor overruled the motion to strike and the demurrer to the bill as amended, and decreed that the complainant was entitled to the relief prayed for. The defendants appeal, and assign this final decree of the chancellor as error.

GAMBLE & POWELL, for appellants.—The amendment to the bill should have been stricken out, and the demurrers to the bill as amended should have been sustained. It was an entire departure from the cause of action as stated in the original bill.—*Daniel v. Collins*, 57 Ala. 625 ; *Cox v. Cox*, 59 Ala. 591 ; *Bogan v. Daughdrill*, 51 Ala. 312 ; 3 Brick. Dig., §§ 361, 362, 426, 427. The evidence does not show a resulting trust in favor of

[Milner *et al.* v. Stanford.]

the complainant.—*Ward v. Patton*, 75 Ala. 207 ; *King v. Avery*, 37 Ala. 169 ; *Gardner v. Pickett*, 46 Ala. 191 ; *Leggett v. Bennett*, 48 Ala. 380 ; *Penn v. Spence*, 54 Ala. 35 ; *Ray v. Womble*, 56 Ala. 32 ; *Rapier v. Gulf City Co.*, 69 Ala. 476 ; *McKay v. Broad*, 70 Ala. 377 ; *Glass v. Glass*, 76 Ala. 369.

J. M. WHITEHEAD, *contra*.

McCLELLAN, J.—The original bill averred that Stanford, the complainant, purchased a parcel of land from E. C. Milner, deceased, the intestate and ancestor of the respondents, was put in possession under the sale, and subsequently paid the purchase money in full during the life time of said Milner, but that the vendor failed to execute a conveyance to the vendee ; and its purpose and prayer were to have the contract of sale specifically performed, and the execution of a conveyance by the administratrix and heirs at law of Milner decreed. At the hearing on the merits the bill was amended, by striking out its averments and prayer in respect of a bargain and sale by Milner to the complainant, and by alleging in lieu thereof that "the land was purchased by the said E. C. Milner from the [Mobile & Montgomery] railroad company for the complainant under an agreement by which the said Milner was to purchase said land and advance the money for complainant, to be paid back by the complainant with actual expenses and interest ; the said Milner to take the title deed in his own name, and thus hold it until the purchase money, expenses and interest were paid, which was sixty dollars," that said purchase money, interest and expenses were paid by complainant to Milner, according to the terms of agreement, about the year 1886, "and that said Milner repeatedly promised to execute title deeds to said land before his death, but died without doing so." The prayer of the amended bill is, "that a resulting trust be declared in favor of the complainant as to said land, and that the register in chancery be required to execute to your orator a deed to the same," &c.

The respondents moved to strike out this amendment on the ground that it was an entire departure from the original bill. This motion, we think, was properly denied. The amendment merely varied the details of one

and the same transaction, without operating any change in the rights of the parties. The relief to which the complainant was entitled was precisely the same, whether the bill was one for the specific performance of a contract of sale, or for the declaration and effectuation of a resulting trust. In either aspect, upon proof of the averments, the complainant was entitled to have the respondents' title invested in him, and this on the same terms ; the payment of the agreed value of the land, whether such value was to be considered as money loaned to him and used for him in the purchase from the railroad company, or as money which he had agreed to pay as on a sale by Milner to him. Indeed the bill as amended was in the nature of the bill amended ; both in a sense seek specific performance of a contract.—*Manning v. Pippen*, 86 Ala. 357.

But while a bill to execute a resulting trust is in the nature of a bill for specific performance of a contract, it can not be supported by evidence which would present a case for the latter form of relief. A trust of the class asserted in this bill as amended exists only where one has purchased property with the funds of another and taken title in himself. The funds used may have presently become the property of the other party, by a loan or advance to him by the purchaser who takes the title to secure to himself repayment of such loan. And it must always be made to clearly appear that the purchase was with funds previously belonging to the party asserting the trust, or that it was made for him and the purchase money presently advanced by the purchaser as a loan to him, for the security of which the legal title is taken to and in the name of the purchaser. Without this there can be no such thing as a resulting trust. That the purchaser bought and paid for the property with a view to its sale to another, that he purchased *for the other*, in the sense of intending a resale to him at the same or any other price, will not suffice. Where the purchaser uses means previously belonging to himself in making the payment, it must appear that he purchased for the other, in the sense of intending the original transaction to be an equitable sale directly to the other, and the payment by that other out of funds which he has loaned to him for the purpose. These essential facts are not found in the evidence before us. The

utmost that it can be affirmed that the evidence shows as to the transaction between Milner and Stanford is, that the former bought this land with his own means and took a conveyance of it from the railroad company with a view to its resale, and for the purpose of reselling it to Stanford. If there was in fact such resale—a question not necessary to be decided under the bill as amended—it occurred subsequent to the conveyance by the trustees to Milner, and upon terms then proposed by him and accepted by Stanford. Having purchased and paid for and been invested with the title to the land— and all this, it may be, for the purpose of selling it to Stanford and even at Stanford's instance—he then told Stanford that he had bought the land for him, and proposed to let him have it for a certain consideration, the amount of which was arrived at by reference to what he had paid for the property and to an additional sum as recompense for the trouble he had been at, the amount paid by him being fifty dollars and the compensation for his services being ten. This proposition was submitted for Stanford's acceptance or rejection. It was open to him to accept it or reject it. He accepted it. Milner might have demanded twice or thrice, or any number of times, the price he had paid for the land, he might have demanded a larger sum than ten dollars in the way of paying him for his trouble, he might have proposed to let Stanford have the land for six hundred instead of sixty dollars, so far as any implied or express contractual relations between them, or any duty which Milner was under to him, were concerned. And on the other hand no duty rested on Stanford to take the land at any price.

Whatever of obligation at any time rested upon Milner to convey the land to Stanford, or upon Stanford to pay Milner for the land, whatever of mutual duties existed between them, were referable solely to what occurred between them after Milner had acquired the land by the payment of his own money and for his own benefit; and if any obligations or duties existed at all, they grew out of this contract of bargain and sale then made by and between them.

The averments of the bill as amended make a case for the declaration and execution of a resulting trust. The evidence, if that aspect of it most favorable to the complaint is to be taken as true, establishes a sale by Milner

to Stanford and payment by the latter of the price agreed on between them, and not a purchase by Milner for Stanford and payment with the latter's funds. The bill is not, therefore, supported by the evidence. It should have been dismissed. The decree granting relief is reversed, and a decree will be here entered dismissing the bill.

Reversed and rendered.