# Hughes *v.* Letcher, *et al.*

*Bill to Enforce Trust.*

(Decided June 16, 1910.   52 South. 914.)

1. *Trusts; Resulting Trusts; Validity.*—Where it appeared from complainant's testimony that the ancestor of the respondents loaned him the money to pay for the land, and held the legal title for complainant until the payment of the loan, a parol trust in violation of the statute is shown, and not a resulting trust.

2. *Same; Laches.*—Where the land was purchased in 1888, and possession was given the ancestor of respondents in 1892, and was held by him until his death in 1904, and by his administrator until shortly before suit, a bill filed in August 1905, to enforce a resulting trust thereon, is barred by laches.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by A. T. Hughes against the administrator of the estate of John D. Letcher, deceased, and others, to enforce a resulting trust. Judgment for respondents, and complainant appeals. Affirmed.

The bill alleges that complainant borrowed of one John D. Letcher $200, to be used in paying the purchase money of a tax sale for certain lands therein described, with the agreement that the title to said lot should be taken in the name of Letcher to secure him in the payment of the purchase money and the interest thereon, and that the deed was accordingly so made. It is further averred that after the purchase, which was in 1888, orator spent about $1,150 in improving the property, and occupied it as a residence from 1888 to 1892, when orator moved to Texas, agreeing at the time that the said Letcher should take possession of the said lot, and hold it until the rents and profits arising therefrom should pay the said indebtedness due to said Letcher. It is then averred that Letcher took posses-

[Hughes v. Letcher, et al.]

sion and collected the rents and profits therefrom until the time of his death, which occurred in January, 1904; that his administrator then took possession of the land, and held same until June, 1905, when the lands were sold for division among the heirs of the estate; that the sale was confirmed on the 10th of July, 1905, when your orator was present in person and objected to the confirmation on the ground as stated above. It is further alleged that Shaw was a purchaser at the time of the sale, and that, becoming dissatisfied with the purchase, J. T. Letcher and F. M. Letcher bought his purchase, and both J. T. and F. M. Letcher were present, and heard orator's objection to the confirmation of the sale before purchasing Shaw's bid. It is alleged that more than enough rents were collected to pay all orator owed decedent. It is then alleged that the Montgomery Street Railway is occupying the premises as the tenant of said Letcher. The bill was filed the 12th day of August, 1905.

JOHN V. SMITH and PHARES COLEMAN, for appellant. The evidence in this case established a resulting trust. —15 A. & E. Enc. of Law, 1124, 1127, 1128, 1132; *Rose v. Gibson*, 71 Ala. 35; *Bates v. Kelly*, 80 Ala. 114; *Carter Bros & Co. v. Callen*, 83 Ala. 135; *Stoudenmeir v. De-Bardelaben*, 85 Ala. 85; *Am. F. L. M. Co. v. Pollard*, 132 Ala. 151. On the subject of resulting trust arising from the payment of purchase money, see the following additional authorities.—*Jordan v. Garner*, 101 Ala. 411; *Hodges Amdr. v. Verner*, 100 Ala. 612; *Price v. Bell*, 91 Ala. 180; *Anthe v. Heide*, 85 Ala. 238.

TROY, WATTS & LETCHER, for appellee. The compainant is barred by laches.—*Rives v. Morris*, 108 Ala. 526; *McLaughlin v. Jones*, 155 Ill. 539; *McDonald v.*

*Stow,* 109 Ill. 40. The proof was not of that satisfactory, clear and undoubted character required in this class of action.—*Reynolds v. Caldwell,* 80 Ala. 232.

SIMPSON, J.—The bill in this case was filed by the appellant to enforce a resulting trust in certain · real estate in the city of Montgomery.

In the case of *Butts v. Cooper,* 152 Ala. 384, 44 South. 619, citing authorities, we defined the nature of resulting trusts and constructive trusts, to the effect that "resulting trust is a trust which arises by operation of law, where the consideration is paid by one party, and the title is conveyed to another. Says Pomeroy: 'In order that this effect may be produced, it is absolutely indispensable that the payment should be actually made by the beneficiary, or that an absolute obligation to pay should be incurred by him, as a part of the original transaction of purchase at or before the time of the conveyance.'—3 Pom. Eq. Jur. (3d Ed.) p. 1992, § 1037." "Resulting trusts arise by implication of law, and cannot grow out of a contract to hold the title for a third person who advances the purchase money. * * * Eliminate the testimony as to the verbal agreement, and it would be difficult to find anything from which to conclude that the consideration moved from Butts."

In the present case there is no evidence tending to show that the consideration for the purchase money was actually paid by the complainant. On the contrary, the evidence is without conflict that John D. Letcher, to whom the title was made, paid the purchase money. The utmost that can be made out of the testimony on the part of the complainant is that said Letcher agreed to lend to the complainant the money which he paid for the property, and hold the title for complainant, until the money was paid, and it is attempted

to prove this by the testimony of the complainant himself, against the estate of said John D. Letcher. "This is a parol trust pure and simple in violation of the statute."

Moreover, even if this legal difficulty were not in the way, the judge of the city court properly found that the evidence is not of that conclusive nature required by the law, and the complainant has slept too long on his rights, if he had any.

The decree of the city court is affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, and EVANS, JJ., concur.