[No. 14363. Department Two. April 23, 1918.]

EUGENE L. HOPKINS *et al., Respondents,* v. JOHN L. CRAIB *et al., Appellants.*[1]

PARTNERSHIP—ACTION FOR ACCOUNTING—PLEADING—VARIANCE. In an action by a partner for an accounting of the profits, it is not a fatal variance for the complaint to allege a partnership in the entire business while the proof showed an interest in only a part.

SAME—ACTION FOR ACCOUNTING—ALLOWANCE OF INTEREST. In an action by a partner for an accounting of the profits, interest should not be allowed a partner on capital invested, where interest on withdrawals of money from the partnership funds completely offset the interest that would otherwise be due.

REFERENCE—REPORT—EVIDENCE—TRANSCRIPTION. Upon a referee's report upon a partnership accounting, it is not error to refuse to require the shorthand notes to be transcribed, where the referee reported that it would cost a large sum of money, the evidence of the chief witnesses was found in the reports and schedules, and he fairly stated the evidence of other witnesses, and there was no showing that appellants offered to advance the money necessary to obtain the transcript; Rem. Code, § 375, requiring the referee to report all the evidence being mandatory only in cases where the means are provided by the complaining party.

APPEAL—REVIEW—PRESUMPTIONS—COSTS—WITNESS FEES. Where there is nothing in the record to show that witnesses before a referee did not report their attendance each day, it will be assumed on appeal that the witnesses who appeared and were examined were entitled to compensation as witnesses.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 24, 1917, in favor of the plaintiffs, confirming the report of a referee upon a partnership accounting, upon a hearing before the court upon exceptions thereto. Affirmed.

*Byers & Byers,* for appellants.

*Morris & Shipley* and *E. P. Dole,* for respondents.

MOUNT, J.—This action was brought to recover from the defendants one-half of the accrued profits in a part-

[1]Reported in 172 Pac. 201.

nership business alleged to have existed between the plaintiff E. L. Hopkins and the defendant John L. Craib, from April 1, 1905, until November 1, 1912. The defendants answered the complaint, denying any partnership relation. This issue was tried to the lower court and upon such trial the court found that a partnership existed between those dates between the parties, in a hay business which was conducted by the partnership, but that the partnership did not include other branches of the business conducted in the name of the defendant John L. Craib. The court thereupon ordered a reference for an accounting between the parties. A referee was appointed to take the testimony and make findings and conclusions thereon and report the same to the court. Thereafter the referee heard the evidence for a period of twenty days. The evidence was taken down in shorthand by a stenographer. After considering all the evidence and numerous exhibits, the referee concluded that there was a final balance in favor of the plaintiffs in the sum of $7,805.87, upon which they were entitled to interest from November 1, 1912, at the rate of six per cent per annum. The referee filed a lengthy report stating the substance of the evidence, but the shorthand notes of the reporter were not transcribed and were not filed with the referee's report. The referee stated as follows:

"The hearing in this accounting took at least 20 days in the actual taking of testimony. The evidence is very voluminous. To make a transcript of the evidence would cost a large sum of money and I do not consider the same necessary for the reason that the testimony of the chief witnesses, Hopkins, Butler and Coburn for the plaintiff, and Craib, Johnstone and Anderson for the defendant is shown on numerous reports, statements, schedules, reconciliation sheets, etc., etc., introduced as evidence. Said papers have been tied up in two bundles and each marked 'Special Ac-

counting Data' and deposited with the clerk of the court, together with the other exhibits in the case. These papers make explicit reference to the original books and records introduced as exhibits in the hearing before me. I have endeavored in my findings to fairly state the testimony of the other witnesses who testified. I believe that the court can intelligently review my findings from an examination of this data and the exhibits without a transcript of the evidence. I feel that neither party should be put to this expense.''

Upon the filing of the report of the referee, exceptions were taken thereto by the defendants. A motion was made by the plaintiffs for a confirmation of the report. Upon a hearing of these exceptions and the motion, the court confirmed the report of the referee and entered a judgment accordingly. The defendants have appealed from that judgment.

They argue, first, that there is a variance between the pleading and the proof, by reason of the fact that the complaint alleged a partnership in the entire business, while the court found that the partnership consisted only in the hay business, which was a part only of the whole business. Appellants argue that a partnership is a contract which necessarily involves a meeting of the minds of the parties, and that, since there was no meeting of the minds of the parties upon the whole business conducted, there was a fatal variance between the pleading and the proof. We think there is no merit in this contention. The mere fact that the respondents alleged a partnership in the whole business did not prevent them from proving, or the court from finding, that the partnership consisted in a part of the business only. We think it cannot reasonably be said that respondents failed in the proof because they failed to establish the exact allegation of the complaint.

In the order of reference the court directed the referee to find the capital invested and used con-

tinuously in the business of the partnership, and to allow interest thereon if the same was furnished by the appellants. The referee found that $10,000 was furnished by the appellants and used continuously in the business, but also found that the appellants had withdrawn large sums of money from the partnership business, and that the interest on the withdrawals would completely offset the interest which would otherwise be due them on the $10,000 capital. The appellants argue that they are entitled to interest upon this $10,000, but we think it is apparent that, if they withdrew large sums of money from the partnership funds —as the referee found—and the interest on these withdrawals would offset the interest on the invested capital, in justice and equity they should not be allowed interest on the $10,000 of capital.

The appellants argue that the court erred in allowing a large number of items which are referred to in the briefs. We have carefully read the report of the referee with reference to these, and we are satisfied that the referee found correctly upon all these items. It would be useless to extend this opinion by referring to each one of them separately.

The appellants next complain that the court erred in refusing to require the referee to have transcribed and to file all the evidence taken before him, because the order of reference and the statute, Rem. Code, § 375, provide that the referee shall file with his report the evidence received upon the trial. Appellants argue that, because the statute so provides, it is mandatory upon the court to require the referee to have the reporter's notes transcribed and to file all the evidence received upon the trial. As shown by the report of the referee in the paragraph hereinbefore quoted, the evidence was very voluminous, and to make a transcript thereof would cost a large sum of money. There is no

showing in the record that the appellants offered to advance the money necessary to obtain a transcript of the evidence, and we are of the opinion that this provision of the statute is mandatory only in cases where the means are provided by a complaining party to transcribe shorthand notes taken as in this case, and that, where there was no showing to the effect that the party complaining had paid or offered to pay the costs of making such transcript, it was not obligatory upon the court to order the referee to have the notes transcribed and filed in the case. Furthermore, we think the statement of the referee to the effect that the evidence of the chief witnesses could be found in the "reports, statements, schedules, reconciliation sheets, etc.," and that he fairly stated the testimony of the other witnesses, was sufficient under the statute. We are of the opinion, therefore, that it was not error for the court to refuse to require the shorthand notes to be transcribed and filed in the case.

It is next argued that the court erred in not striking certain items from the cost bill. It is contended that it was the duty of the witnesses to report their attendance at the close of each day's session, and that, since this was not done, certain witnesses were not entitled to witness fees. We find nothing in the record to indicate that the witnesses did not report their attendance on each day. It will be assumed, in the absence of a record to the contrary, that the witnesses who appeared or were examined upon the trial before the referee were entitled to compensation as witnesses.

We have examined the record quite carefully and are satisfied that the trial before the referee was fairly conducted, and that he exercised more than ordinary care in considering the evidence of the witnesses and in preparing and filing his report, and that the trial court properly confirmed the same.

We find nothing in the record to justify a reversal. The judgment is therefore affirmed.

ELLIS, C. J., and HOLCOMB, J., concur.