(112 So. 187)

JOHNSON v. INMAN. (8 Div. 460.)

(Court of Appeals of Alabama. Oct. 26, 1926.

Rehearing Denied Dec. 14, 1926.)

Isbell & Scruggs, of Guntersville, for appellee.

RICE, J. █ Upon reconsideration we have reached the conclusion that the two counts of the complaint in this case each show an executory contract of partnership to have existed between plaintiff and defendant. And this, despite the fact that plaintiff sought, by the turning over to the defendant of the money for the recovery of which this suit was brought, to partially indemnify defendant against any losses that might be sustained in the partnership venture.

█ However, since the said counts further aver that nothing was ever done in pursuance of the execution of the contract agreement, we can see no reason why, according

Street, Bradford & Street, of Guntersville, for appellant.

to the strict terms of the said counts, it ought not to be held, as we do hold, that the same show that no necessity existed for a partnership settlement, and that the demurrers to the complaint were properly overruled. 4 Mayfield's Digest, 412, § 599.

 The bill of exceptions shows that the evidence was without dispute that there was some operation, though, under the terms of the contract agreement, and that no settlement of the partnership affairs had been had. This being true, it is manifest that plaintiff was seeking to maintain an action that would not lie at law, and that the general affirmative charge, duly requested, should have been given in defendant's favor.

For the error in its refusal the application for rehearing is granted; the opinion in this case heretofore rendered is withdrawn; this opinion is substituted; the judgment appealed from reversed and the cause remanded.

Reversed and remanded.

