(114 So. 913)

## RANKIN v. WHEELER et al.   (7 Div. 735.)

Supreme Court of Alabama.   Oct. 13, 1927.

Rehearing Denied Jan. 12, 1928.

**1. Equity ⬅21—Trusts are creatures of courts of equity, which may be resorted to to obtain right administration of estate.**

Trusts are creatures of courts of equity and are enforceable in such tribunals, which may be resorted to when necessary to right administration of an estate.

**2. Trusts ⬅371(2)—Widow's bill to establish resulting trust in land purchased with money furnished by deceased husband held sufficient as against demurrer.**

Widow's bill, alleging that deceased husband had furnished money for purchase of lands, title to which was taken in the name of another, alleging complainant's homestead and exemption rights as widow and facts indicating that she had no adequate remedy at law to recover title, held sufficient as against a general demurrer.

**3. Pleading ⬅214(2)—Demurrer admits facts well pleaded.**

A general demurrer admits facts well pleaded.

**4. Trusts ⬅371(2)—Widow's bill held sufficient pleading of parol resulting trust in land, legal title to which was in another (Code 1923, §§ 6917, 8034, subd. 5).**

Widow's bill, alleging that deceased husband had furnished money for the purchase of land, title to which was taken in the name of another, that complainant and her husband took possession but that holder of legal title refused to execute a conveyance to complainant long in possession, held sufficient pleading of parol resulting trust, notwithstanding Code 1923, §§ 6917, 8034, subd. 5.

**5. Trusts ⬅371(1)—Widow's bill to establish resulting trust in land, alleging homestead rights and exemptions and refusal of holder of legal title to convey held not to disclose adequate remedy at law (Code 1923, §§ 7882–7966).**

Widow's bill to establish resulting trust in land alleged to have been purchased by money furnished by deceased husband, wherein plaintiff set up her right of homestead and exemption and refusal of holder of legal title to convey to her, held sufficient as against demurrer on the ground that the facts showed the existence of an adequate remedy at law, in view of Code 1923, §§ 7882–7966.

**6. Trusts ⬅371(2)—Widow's bill to establish resulting trust in lands purchased with money furnished by deceased husband held not to show loan transaction only.**

Widow's bill, alleging that complainant's deceased husband furnished the money for the purchase of lands, title to which was taken in another, and setting up complainant's homestead rights and refusal of holder of legal title to convey to her, *held* not demurrable on the ground that the facts pleaded showed only a loan.

Appeal from Circuit Court, Cleburne County; R. B. Carr, Judge.

Bill in equity by E. Rankin against Newton Wheeler and others. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

Chas. W. Anderson, of Atlanta, Ga., and W. C. McMahan, of Heflin, for appellant.

On demurrer, the allegations of the bill are taken as true. There is equity in the bill. Evans v. Evans, 213 Ala. 265, 104 So. 515; Code 1923, § 6553; Searcy v. Shows, 204 Ala. 218, 85 So. 444; Thompson v. New South Coal Co., 135 Ala. 630, 34 So. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; Burke v. Roper, 79 Ala. 138; Baker v. Graves, 101 Ala. 247, 13 So. 275; Sims, Ch. Pr. c. 15. The title to the homestead vested absolutely in the widow, and proceedings in the probate court were not essential. Hall v. Hall, 171 Ala. 618, 55 So. 146; Tartt v. Negus, 127 Ala. 301, 28 So. 713; Keenum v. Dodson, 212 Ala. 147, 102 So. 230; Callahan v. Nelson, 128 Ala. 671, 29 So. 555. Title to land and its judicial determination are the subject of equity jurisdiction. Code 1923, §§ 9905, 9912; Rice v. Henderson-Boyd L. Co., 197 Ala. 579, 73 So. 70. Resulting trusts are excepted from the operation of the statute of frauds. 39 Cyc. 108; Tillman v. Murrell, 120 Ala. 239, 24 So. 712; Code 1923, § 6917; Long v. Mechem, 142 Ala. 405, 38 So. 262; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81. The bill shows a resulting trust. 39 Cyc. 26, 104, 570; Southern Gro. Co. v. Harrison, 184 Ala. 266, 63 So. 535.

Merrill & Jones, of Heflin, for appellees.

Amendments, setting up new allegations and new prayers, should contain a footnote. Chancery Rule, 11, 12. No trust concerning lands can be created by parol. Code 1923, § 6917. Resulting trusts arise by implication, and cannot grow out of contract to hold title for third person. Hughes v. Letcher, 168 Ala. 314, 52 So. 914; Butts v. Cooper, 152 Ala. 375, 44 So. 616; 39 Cyc. 104, 106. A parol promise or agreement by one person to purchase lands and hold them in trust for another is within the statute of frauds and not enforceable. 39 Cyc. 49.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

THOMAS, J. As against the general demurrer to the bill as last amended, that pleading contained equity.

[1] Trusts are creatures of courts of equity and are enforceable in such tribunals (Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Cawthon v. Jones [Ala. Sup.] 113 So. 231 [1]), and a court of equity may be resorted to when necessary to a right administration of an estate. The books show a frequent application of such principles: Yarbrough v. Yarbrough, 200 Ala. 184, 75 So. 932, for the assignment of dower; Evans v. Evans, 213 Ala. 265, 104 So. 515, for setting apart a homestead, the administration having been closed; Evans v. Evans, 200 Ala. 329, 76 So. 95, following trust property; Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308, for the claim of exemption against sale under legal process; Long v. Brown, 206 Ala. 154, 89 So. 614, was the determination that the widow and minor children under the statute took the absolute estate in the property. Section 7920, Code of 1923; Faircloth v. Carroll, 137 Ala. 243, 34 So. 182.

[2, 3] As amended, the bill asserted the right of homestead and exemptions by complainant as widow, a resulting trust or title to land averred by operation of law, was sought to be enforced by her as that beneficiary, and facts indicating that she has no adequate remedy at law to uncover the title and ascertain and disclose her right, title or interest therein. All this the general demurrer admits. City of Birmingham v. L. & N. R. Co. (Ala. Sup.) 112 So. 742.[2] The bill treated as well pleaded, there was error to sustain the general demurrer thereto.

The amendment eliminated the question of insolvency vel non introduced in the original bill; the right is rested by the complainant's last pleading upon the fact that she was the surviving widow of the decedent who left no minor children, and no other property than that set out in the bill, which did not exceed the homestead and exemption allowed by law, and the widow had no separate estate of her own.

[4] The special demurrer challenges the averments of the bill to bring it within the exception as to writings (section 6917 of the Code) as being a trust "such as results by implication or construction of law, or which may be transferred or extinguished by operation of law." The averments are the transaction set up by the facts, indicated the passing of possession to the cestui que trust after purchase, the indicia of ownership to the beneficiary in the alleged trust, and that the intestate and complainant as wife and widow enjoyed the same as owner. Code, § 8034, subd. 5; Willard v. Sturkie, 213 Ala. 609, 105 So. 800.

The trust declared arose out of the acts of the parties; the purchase money and the possession was that of the cestui que trust. The pleader was required only to declare the facts, and the statute determined the trust relations. The special demurrer challenging the bill as setting up a parol trust without the statute was not well taken.

[5] The ground of demurrer that the facts averred show the existence of an adequate remedy at law will not sustain the decree. Articles 1 and 2 of chapter 292 deal with exemptions from levy and sale under process, and claims and contest of exemptions, and the waiver thereof is the subject of article 5. Article 4 deals with the setting apart of exemptions to the widow and minor children. There is no authority whereby the probate court may determine, adjudge, and decree the nature and extent of title to lands subject to such trust and held as it is averred, by a third person, vests in the widow and minor children and so shape the due conveyance thereof. Volume 3, Code, p. 858 et seq.

[6] When the several paragraphs of the bill are considered it is sufficiently charged that complainant's husband (the decedent) delivered a sufficient sum of money, "about $2,000.00," and with which to purchase the lands indicated, that the same money was so used and the land was so purchased therewith, that the title taken in Wheeler (a respondent), who acted in that behalf for said decedent, and that said Wheeler, holding under the title so taken to the trust estate, refuses to execute a conveyance to complainant holding possession from 1915 to 1924. The averred facts make no case of a loan, but that of the investment of trust funds in lands, the title to which is taken in another than the cestui que trustent and which in equity belongs to the latter under the law as exempt property of said decedent. And grounds of demurrer asserting a loan or nonexistence of trust estate are not well founded.

The demurrer fails to disclose insufficiency of the description employed in the bill as amended. The latter pleading rendered a specific description employed in the bill as originally filed.

The original bill contained a footnote requiring full answer of each and every paragraph. The amendment made definite the lands sued for and the issues of fact presented; it was not original in form, but supplementary to the context of the bill as originally filed; though the amendments were without footnote and would appear to be upon separate sheets of paper, there was no attempt to change the original prayer of the bill. The footnote to the original bill thus amended was sufficient as compliance with the rule having application and the declared effect of a footnote. Chancery Rules 11 and 12. The original and amendments to the bill

[1] 216 Ala. 260.

[2] 216 Ala. 178.

constitute one suit, as the forms and context indicate. Winter v. Quarles, 43 Ala. 692.

The cause should be tried upon full pleading and proof. The decree of the circuit court, in equity, sustaining "demurrer to the original bill as last amended," is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

