(118 So. 739)

## MOSS v. WINSTON. (8 Div. 58.)

Supreme Court of Alabama.   Nov. 22, 1928.

See, also, 22 Ala. App. 346, 115 So. 700; 22 Ala. App. 536, 117 So. 607.

Harvey A. Emerson, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

Williams & Chenault, of Russellville, for appellant.

[1] 22 Ala. App. 591.

Key & Key, of Russellville, for appellee.

THOMAS, J. The appeal is from the sustaining of demurrer and dismissing the bill, having for its purpose the declaring of a trust in land. And definitions of such trusts are found in Butts v. Cooper, 152 Ala. 375, 384, et seq., 44 So. 616, Heflin v. Heflin, 208 Ala. 69, 93 So. 719, Rankin v. Wheeler, 217 Ala. 112, 114 So. 913.

It is averred that appellant's land had been foreclosed, and he had an agreement with the purchaser for a redemption, and procured appellee to effectuate the same by the payment of the required moneys, title to be taken in the redemptor, and that the moneys advanced to be secured by mortgage on the lands as redeemed; that appellee paid the money, took the deed in his own name, contrary to the agreement and loan, and declines to accept repayment of the sums so paid, and declines to reconvey the lands to complainant.

The bill avers the facts from which the relation exists and good faith between the parties arose, avers that complainant is ready, able, and willing to make the necessary payment, and "places himself in the hands of the court and offers to do equity." Clark v. Whitfield, 213 Ala. 441, 105 So. 200.

The court committed error in sustaining demurrers and dismissing the bill. The facts averred showed that the complainant procured the respondent to advance the moneys (by way of a loan, Bates v. Kelly, 80 Ala. 142) necessary to redemption or reinvestment of the title in complainant, pursuant to the agreement of the parties and that of mortgagor with the purchasers at foreclosure. The title was taken as indicated and an agreement to reinvest in the borrower on security of the loan or repayment. Equity will declare a trust and compel reconveyance upon due payment. Such a contract for loan, repayment, and reinvestment—raising a resulting trust—may rest in parol. Bates v. Kelly, supra; Harden v. Darwin, 66 Ala. 55, 62; Lehman et al. v. Lewis, 62 Ala. 129; Heflin v. Heflin, supra; Id., 216 Ala. 519, 113 So. 535; Guin v. Guin, 196 Ala. 221, 72 So. 74; Milner v. Stanford, 102 Ala. 277, 14 So. 644; Hodges v. Verner, 100 Ala. 612, 13 So. 679; Cawthon v. Jones, 216 Ala. 260, 113 So. 231; L. R. A. 1916B, 174, 175.

In Butts v. Cooper, 152 Ala. 375, 385, 44 So. 616, 619, the significant observation is made that "there is no pretense that there was any violation of any trust or duty in taking the title to the Cosby interest in himself by Cooper," and that the alleged agreement was "that the title was to be vested in Cooper, and the only contention is that Cooper was to hold the title for him." It was said of that agreement that it "is a parol trust, pure and simple, in violation of the statute. Oden v. Lockwood, 136 Ala. 514, 33 So. 895;" section 6917, Code. Such was the effect of the case of Hughes v. Letcher, 168 Ala. 314, 52 So. 914, where relief was denied under the rule of laches. Here the case is different, the alleged agreement was for the loan and the proceeds to be used in redemption or purchase of the lands by complainant, that the title be taken in him and not in the respondent, and that respondent breached the agreement or duty by taking title in himself and declining the execution of same for taking repayment in lieu of the alleged mortgage security. It is not a case within the statute as to a parol trust pure and simple. Section 6917, Code; Willard v. Sturkie, 213 Ala. 609, 105 So. 800.

The averment of the instant bill is not that the agreement was to take title in respondent, so as to defeat creditors, but that respondent stated "that he took the title in himself for the use and benefit of this complainant, but for the purpose of preventing other creditors of the complainant from getting a

lien on said lands or having the same sold to satisfy their indebtedness." Hence the authorities cited below, as to denying relief on executory contracts founded on illegal or immoral consideration, have no application (Perkins v. Perkins, 206 Ala. 571, 91 So. 256; Treadwell v. Torbert, 119 Ala. 279, 24 So. 54, 72 Am. St. Rep. 918; Williams v. Higgins, 69 Ala. 517; Clark v. Colbert, 67 Ala. 92), in the absence of specific demurrer, though the averment is involved.

The word "agreement," as stating complainant's rights in the land and obligation assumed to be discharged as between him and the purchasers at mortgage sale, has a well-defined legal meaning, and declared to signify a mutual assent of the parties to certain contract terms. Rohr v. Baker, 13 Or. 350, 10 P. 627; Jones v. Williams, 139 Mo. 1, 39 S. W. 486, 40 S. W. 353, 37 L. R. A. 682, 61 Am. St. Rep. 436; Richardson v. Clements, 89 Pa. 503, 33 Am. Rep. 784; Woodworth v. State, 20 Tex. App. 375; Bingham v. Insurance Co. of N. A., 74 Wis. 498, 43 N. W. 494; Holmes v. Jennison, 14 Pet. (39 U. S.) 540, 571, 10 L. Ed. 579; Packard v. Richardson, 17 Mass. 122, 9 Am. Dec. 123. In its comprehensive sense it is the coming together of the two minds. 2 C. J. 979; Bingham v. Insurance Co. of N. A., supra; Bouvier, L. D. "Agreement"; Woodworth v. State, 20 Tex. App. 375, 382. In Holman v. Clark, 148 Ala. 286, 290, 41 So. 765, 767, the words "so understood" were held synonymous with agreement, "and is the statement of a fact," and "not the expression of an opinion or a conclusion." And a promise to pay was held synonymous with agreement to pay in Harvey v. Bodman, 212 Ala. 503, 103 So. 569, and the averment of the agreement between complainant and respondent imputed a binding contract obligation.

Appellee insists that the use of the words "redemption or purchase" denies a trust and renders the bill subject to grounds of demurrer assigned. When the whole averment is considered, as to the foreclosure, redemption, or repurchase of same, and taken most strongly against the pleader, it does not show that complainant had no valid, lawful, enforceable, and personal right as to the land, nor that his right of redemption "had expired when respondent bought said land." Let it be borne in mind that there are no conflicting rights involved, as those of junior and senior mortgagees or assignees, growing out of a conveyance by mortgagor in lieu of foreclosure. McAllister v. Catchings, 210 Ala. 392, 98 So. 303. The rights of a mortgagor or mortgagee or purchaser at foreclosure were respectively recognized, whether that foreclosure was regular or irregular, and consummated by that foreclosure. The agreed redemption by the mortgagor, effectuated by and through the loan and agreement to recon-

vey to mortgagor by mortgagee or his said purchaser, is averred. The respondent is shown only to have intervened in complainant's behalf, under his contract or statutory right, and in the loan made to mortgagor to effectuate the same.

When appellee paid at the instance of complainant appellant and pursuant to their agreement and contract, the sum of $1,200 to the purchasers at mortgage foreclosure, there arose the obligation to pay appellee, on the part of complainant appellant, the sum so paid by former and at his request. And this was within the general rule of resulting trusts (Watkins v. Carter, 164 Ala. 456, 51 So. 318) that have grown out of the relation by way of a loan and purchase of property for another (Bates v. Kelly, 80 Ala. 142).

The demurrer was sustained and the bill dismissed without opportunity to amend, if there was desire and necessity to supply any amendable defect. If such had been the order in vacation, it would be reversible error. Pollock & Co. v. Haigler, 195 Ala. 522, 70 So. 258; Olds v. Marshall, 93 Ala. 138, 8 So. 284. The decree was of date of July 18, 1928. We judicially know this was in term time (section 6667, Code of 1923; Ex parte Beaird, 217 Ala. 355, 116 So. 367); it being after the first Monday after the 4th of July (State ex rel. Gaston v. Cunningham, 216 Ala. 423, 113 So. 309; Lewis v. Martin, 210 Ala. 401, 412, 98 So. 635).

The judgment of the circuit court, in equity, is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.