(137 So. 293)

## JOHNSON v. INMAN.

### 8 Div. 206.

Supreme Court of Alabama.
Oct. 29, 1931.

Street, Bradford & Street, of Guntersville, for appellant.

**514**

Claud D. Scruggs, of Guntersville, for appellee.

FOSTER, J.

This cause was removed into equity to effect a partnership settlement as a predicate for the recovery of an amount deposited by complainant with respondent as a pledge against loss by him in the partnership venture. It was begun at law, but the Court of Appeals held that equity was the only court with jurisdiction of the cause, and this court on review denied certiorari. 22 Ala. App. 10, 112 So. 187; 215 Ala. 645, 112 So. 188.

When it was afterwards thus removed into equity, plaintiff filed his bill according to the practice in that court praying for a partnership settlement. There was no demurrer to the bill, and the cause was tried by agreement on the evidence taken when it was at law. Relief was awarded complainant, after a report by the register. On this appeal by respondent, he claims that there was such a variance as to require a reversal of the decree. The bill alleged that the purpose of the partnership was to buy and sell dimension hickory stock, whereas the proof shows that it extended also the sawing of hickory timber into such stock. The agreement as proven did cover the purpose as alleged, and the fact that it may have also extended to a further detail in respect to the hickory stock not alleged in the bill does not constitute an essential or material variance, and it may be disregarded. 47 Corpus Juris 1235; Hopkins v. Craib, 101 Wash. 309, 172 P. 201.

We think that the court properly decreed in this case in this respect for the further reason that the evidence shows there was no business transacted under the partnership, and the register found on reference that there was no liability by the partnership to either partner, and if such is a fact, and no liabilities exist to third persons, irrespective of the exact description of the extent of the business to be transacted as alleged in the bill, there was no necessity to adjust its allegations in that respect to conform to the evidence. For in the absence of any such business being conducted, specific allegation as to it in every item of detail was not an essential element in the case.

The bill alleges in one paragraph that the partnership was terminated by mutual consent, and in another that it was terminated by plaintiff before the commencement of the suit. Appellant claims that there was a fatal variance because the proof does not show that there was a mutual agreement to terminate. But, as we have stated, the evidence shows, we think, that no business of a substantial nature was conducted under the partnership arrangement. Also that in fact appellant did not live up to its stipulations on his part, and that as there could be no loss for which complainant's pledge was security, he was due to recover it. We think that under such circumstances the evidence sufficiently shows a dissolution of the partnership. Such dissolution may be implied from the conduct of the parties by the virtual abandonment of the enterprise. 47 Corpus Juris 1116. As a partnership, it never acquired any property.

The register's report was filed September 23, 1929. The record does not recite that it was read in open court, as provided by rule 94. But the purpose of so reading it is to apprise the parties of the fact of the report, and its contents. It may be error to confirm a report not so read, in the absence of exceptions to it. But appellant filed exceptions, and these exceptions were duly considered and overruled. It would make the rule under such circumstances an opportunity to speculate upon a favorable ruling of the court, if respondent were allowed to benefit by it under such circumstances. We think it has no application in this case.

The decree confirming the register's report and finally disposing of the cause was dated December 21, 1929, and filed by the register December 23, 1929. The former date was in term time, the latter in vacation. Section 6667, Code. It is now claimed that the decree was rendered in vacation without written consent. Rule 79, Chancery Practice; Moss v. Winston, 218 Ala. 364 (4), 118 So. 739. But the order of the judge shows that the cause was in fact submitted, heard, and determined in term time. The clerk, it appears, did not receive and enroll it until vacation occurred. If it be treated as a vacation decree, it was under a submission in term time, and it is therefore supported by section 6640, and rule 78, Chancery Practice.

But pursuing another line of discussion, it may be stated that it has been held that a judge of the circuit court may make a valid decree in equity in term time anywhere in the state, Zaner v. Thrower, 203 Ala. 650, 84 So. 820, as he can at law. Carothers v. Callahan, 207 Ala. 611, 93 So. 569; Gray v. Bank of Moundville, 214 Ala. 260, 107 So. 804. And when it is entered by the register, with due authority, it becomes effective from the date when it was acted upon. 21 Corpus Juris 653; Ansley v. Robinson, 16 Ala. 793. The court of chancery is now said to be always open for the transaction of business (section 6636, Code), but for certain purposes this court has held that there are yet periods called vacations during which applicable requirements must be observed. Zaner v.

515

Thrower, supra; Davidson v. Rice, 201 Ala. 508, 78 So. 862; Moss v. Winston, 218 Ala. 364, 118 So. 739.

In order that a decree rendered in vacation shall be valid, it must be upon a submission in term time, section 6640, Code, or by consent of parties, section 6642; rule 79, Chancery Practice, unless it is in respect to some interlocutory matter controlled by section 6477, or rules 1 or 74. When a decree is rendered in vacation, the register is required to enter it on the minutes at once, rule 78, and, when rendered in term time, it "shall be entered at length on the minutes of the court." Rule 80. We think that section 6636, Code, and rule 1 of Chancery Practice, in connection with others we have mentioned, are sufficient to justify the filing and enrollment in the vacation period of a decree rendered in term time, so as to be effective from the date of its rendition.

We do not think that the decree, though filed December 23, was void for that reason or that it showed error in not being filed during term time, when it shows its rendition was in such time.

An item of the register's report, to which appellant excepted, related to the expense of moving a sawmill onto his land. He had bought the sawmill from appellee, the price of which was retained and constituted a portion of the $500 pledged to him by appellee. Appellant was to move the sawmill and set it up on his land and cut out the hickory as a part of the partnership agreement. The mill was moved to his land, but no hickory was cut, nor was it otherwise used for the partnership. We think under the circumstances it was proper for the register to find that this resulted in ultimate benefit to appellant, and for his use, and was not a proper item of liability to him by the partnership, which never in fact functioned as such.

We find no reversible error in the decree, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.