97 So.2d 812

Walter Vernon HIGGINS, Jr.

v.

Forrest Roberts HIGGINS.

6 Div. 176.

Supreme Court of Alabama.

Oct. 31, 1957.

Lewis K. Cato and Percy B. Watkins, Birmingham, for appellant.

J. J. Cockrell and Walter Cornelius, Birmingham, for appellee.

**PER CURIAM.**

This is an appeal from a final decree of the circuit court, in equity, denying relief to complainant.

The bill of complaint was by appellant, Walter Vernon Higgins, against his brother Forrest Roberts Higgins. It alleged that they entered into a partnership agreement on December 16, 1947, for their joint operation of a partnership. The partnership agreement is made an exhibit to the bill, and in pertinent part is as follows:

"This agreement made and entered into this sixteenth day of December One Thousand Nine Hundred and Forty-seven, by and between Forrest Roberts Higgins, of Route No. 6, Box No. 223, Birmingham, Alabama, the first part, and Walter Vernon Higgins, Jr., of the same place of the second part, witnesseth as follows:

"1. The said parties, above named, hereby agree to become partners in the business of buying and selling groceries under the firm name of Higgins Bros. Grocery, said business to be located and carried on in Jefferson County, in the vicinity of Birmingham, Alabama. Location of said business is the north-

east corner of Roebuck Drive and Red Mill Road, address Route No. 6, Box 223, Birmingham, Alabama.

"2. The capital of the said partnership shall consist of the evaluated sum of ten thousand dollars, to be contributed as follows: The party of the first part shall contribute part of his property which is the site of the business * * *; and the party of the second part shall contribute the building and equipment for the business on said corner property, which is valued at five thousand dollars. * * * Such capital is to be used and employed in common between the parties hereto for their support and management of said business. * * *

"4. The party of the second part shall initiate the business and convey to the business his full time and efforts. For this he shall be allowed to draw a salary to be agree[d] upon by both parties. The party of the first part shall carry on in his present position, and contribute his time and efforts until such time that the business demands his full time and efforts. The party of the first part will during the initiating period only share in the profits after all expenses and salaries are paid. The party of the second part shall draw a salary which will not constitute any or part of his profits. * * *

"6. This agreement and the partnership hereby created shall continue in full force and effect indefinite or at such time one or both partners agree to terminate the partnership."

The bill then alleges that complainant erected on the land, which is described in the agreement, the building referred to in paragraph 2 of said agreement as his contribution to the partnership assets; that the value of the land was approximately $5,000 and the value of said building $5,000, all of which is alleged to be partnership property. It then alleges that complainant and respondent are joint owners of the property, but that respondent denies that complainant has any interest in the property; that respondent is renting and collecting the rent and has failed to account to complainant for his share. The bill alleges that said partnership has ceased to function as such and complainant desires that it be dissolved and the assets distributed; and, further, that the property of the partnership cannot be divided in kind and that complainant and respondent cannot agree on a division.

The prayer for relief is that the court will determine and adjudicate the rights of complainant and respondent in and to the above described land and the building and improvements thereon, and will decree that the parties are joint owners of the property, legally and equitably, and that complainant has an equity in said land and the improvements on it; that the partnership property be sold for division between the parties and an accounting be ordered. There is an answer, but we think it is unnecessary to set out its contents in view of the findings and decree of the court.

The cause was heard in equity on evidence given by witnesses in open court as well as some depositions. The pertinent parts of the findings and decree are as follows:

"The Court is of the opinion that the articles of partnership executed between the parties December 16, 1947, is not sufficient to operate as a conveyance of any portion of respondent's interest in the real property referred to in said articles so as to vest an estate therein either in the partnership or in the complainant. Nor would it be sufficient to operate as an equitable conveyance of respondent's undivided interest therein. The sole objective and intent of the articles was the conduct of a grocery business, which venture seems to have been completely stillborn. The court does not find or consider that the respondent was in the position of having breached the articles in failing to stock the store with merchandise under the provision of the article that the com-

plainant 'shall initiate the business'. After failure of the parties to this cause to launch the business as a going concern, their younger brother, Frank Higgins, apparently encountered no difficulty in stocking the store on credit with jobbers after same had stood vacant for a while, and occupying the premises without payment of rent for a few months of unprofitable operations, after which he abandoned it.

"The parties to the cause effectually abandoned and rescinded the partnership agreement and supplanted it with an arrangement whereby the complainant could recapture his expenditures in construction of the store building by renting the property to others. From 1948 down through 1955, the complainant under this arrangement had full possession and control of the premises, paying no taxes thereon, renting same, and collecting and retaining all rental proceeds. It appears that he thus actually collected from tenants approximately $1020.00. The store stood vacant from time to time, but this does not appear to have been due to any fault or intervention on the part of respondent. From aught appearing the reasonable rental value of the premises over a period of eight years may have equalled or exceeded the costs to complainant of erecting the building for purposes of the then intended partnership.

"Under the testimony of the witness Warner Morgan, the court finds the reasonable cost of construction of said building, as of 1948, to be the sum of $1898.00 ($2530.00 less 25%).

"The bill does not pray establishment and enforcement of an equitable lien which might possibly be done under the general prayer to prevent any unjust enrichment, and aid in the restoration of the status quo ante upon rescission of partnership agreement. But the court conceives the burden of definite proof to be upon complainant in this matter, and in the absence of evidence as to reasonable rental value during the intervening years, and in the absence of evidence as to the extent of depreciation, the court is of the opinion that the complainant has not sustained the burden.

"In connection with the aspect of the bill seeking sale for division, it is noted that Elizabeth Ann Higgins is a tenant in common in the property, together with respondent, and she has not been made a party to the bill.

"It is, therefore, ordered, adjudged and decreed by the court as follows:

"1. That complainant Walter Vernon Higgins, Jr., is not entitled to the relief sought and prayed for against the respondent Forrest Roberts Higgins, and that such relief be, and the same hereby is denied and the bill dismissed.

"2. That costs of this cause be, and same hereby are taxed against the complainant Walter Vernon Higgins, Jr., for which let execution issue."

We observe in the first paragraph of the partnership agreement that the purpose of the brothers was to form a partnership for the operation of a grocery store in a building to be erected by complainant. But such business was never started.

The agreement made no provision for operating capital. When the parties realized that circumstance, neither of them was willing, or perhaps able, to supply such operating capital. Therefore the purpose of the agreement was never even begun. It is true, as argued, that there must be a dissolution of a partnership either by mutual consent of the parties or by a decree of a court of equity in order to support a partnership settlement. Hunter v. Parkman, 250 Ala. 312(4), 34 So.2d 221; id., 259 Ala. 596, 67 So.2d 797: see Title 43, section 33, Code. But the essentials necessary to the

real purpose of the partnership were never completed and its operation never begun.

■ The court found that the parties agreed to abandon and rescind the partnership agreement, and that for eight years complainant received the rents and benefits from the use of the building to reimburse him, and although he may not have received the full amount of such values he has not furnished evidence upon which to determine his rights in that respect, and has not made such claim and, therefore, is not entitled to a decree in any amount. The bill does not seek such relief in the prayer and the allegations of the bill do not set up facts to support it, assuming— as the judge did—that such relief is available.

Without committing the Court to that assumption, we believe that nothing can be awarded complainant in this suit on that account for the reason advanced by the trial judge, and also because such issue was not made by the bill and answer and that form of relief is not here insisted on by appellant.

■ We do not think the property in question was effectually *contributed* as a partnership asset. It was never used as such. Moreover, "the mere use of the property by the partnership did (will) not impress upon it the character of partnership property. It is not of uncommon occurrence, that a partnership uses the property of its several members". Hatchett v. Blanton, 72 Ala. 423, 435; Ware v. Owens, 42 Ala. 212; Humes v. Higman, 145 Ala. 215, 223, 40 So. 128; McKleroy v. Musgrove, 203 Ala. 603, 84 So. 280; McGowin v. Robinson, 251 Ala. 690, 39 So.2d 237. Since the business of the proposed partnership never began to operate, the "contribution", as declared in the articles of agreement, was never effectually made so as to become a partnership asset.

The contract, by its terms provides that the parties *agree to become* partners in the grocery business. The capital to consist of the site for the building, to be contributed by respondent, and the building to be contributed by complainant. It was merely an agreement to form a partnership. But the partnership was not then created and never was created. It was an executory agreement never consummated. See 68 C.J.S. Partnership § 11, p. 418; Sabel v. Savannah Rail & Equipment Co., 135 Ala. 380, 33 So. 663. "As a partnership, it never acquired any property". Johnson v. Inman, 223 Ala. 513, 514(4), 137 So. 293. The enterprise in which the parties were to engage must have been launched under the agreement before the parties became partners. 68 C.J.S. Partnership § 11, 419. In the instant case before that occurred the purpose of the partnership was abandoned as manifested by the conduct of the parties. Johnson v. Inman, supra.

■ Moreover, the land did not belong to respondent alone, but was owned jointly by him and his wife. She was not a party to the agreement. She is not made a party to this suit and, therefore, there is no relief which could be rendered which would affect her interest. The decree should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.