BEATTY, Retired Justice.
In 1994, Roy C. Garrison, Jr. (“the husband”), filed a complaint for sale of property for division of proceeds. The complaint alleged the following: The husband and Judy Diane Garrison (“the wife”) owned as tenants in common certain real property and a business known as the Highway 10 Convenience Store, which is located on the real property. The parties divorced in 1989, and the divorce judgment stated that the “title, operation or management [of the business] shall not change.” The business and the real property cannot be equitably divided or partitioned between the parties without a sale for division of proceeds.
The wife filed an answer, admitting that she and the husband owned the real property as tenants in common and that the real property could not be equitably divided or partitioned, but denying that the husband owned any interest in the business. The wife also filed a notice of intent to purchase the husband’s interest in the real property.
The husband amended his complaint, requesting that the trial court order that the wife provide an equitable accounting to the trial court of the financial status of the business so that he could ascertain the amount owed to him. The wife filed an amended answer, denying that the husband was entitled to an accounting because, she said, he had no interest in the business.
After a nonjury trial, the trial court issued an eight-page order, which stated:
“The record in this case contains no evidence that there was ever an agreement between the parties to share either profits or losses of the business. Income taxes were prepared under the assumption that the Highway 10 'Convenience Store was a sole proprietorship run by the [husband] for two (2) years and thereafter by the [wife]. While there may have been an executory agreement to foim a partnership, this in and of itself does not lead to a conclusion that a partnership exists. Higgins v. Higgins, 266 Ala. 514, 97 So.2d 812 *724 (1957). Since the parties themselves have not taken any action to consummate an executory agreement to create a partnership, if any such agreement did in fact exist, the Court is unable to do so in their behalf.
“If one assumes for the sake of argument that a partnership did at one time exist between the [husband] and the [wife], it appears that the [husband] voluntarily abandoned any such partnership interests with the [wife]. There being, therefore, no written partnership agreement, then there is no evidence of an agreement giving the [husband] the right to an accounting. Furthermore, there is no evidence of a breach of fiduciary duty and there are no suirounding circumstances that would compel the Court to order an accounting.
“In consideration of the evidence presented during the trial of this case and the applicable law,
“IT IS ADJUDGED, AND DECREED by this Court as follows:
“1. That the Court finds the issues in this cause in favor of the [wife] and against the [husband];
“2. The business known as Highway 10 Convenience Store does not constitute nor has it ever constituted a partnership between the parties and if it ever did, the [husband] voluntarily abandoned his interest therein and there is no basis upon which to order an accounting;
“3. The court costs herein are taxed as paid.”
The husband filed a motion to alter, amend, or vacate the judgment, or, in the alternative, a motion for a new trial. The motion was denied. The husband appealed to our supreme court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal the husband contends that the trial court committed reversible error when it determined that “[t]he business known as Highway 10 Convenience Store does not constitute nor has it ever constituted a partnership between the parties and if it ever did, the [husband] voluntarily abandoned his interest therein.”
The law is clear that when a trial court, sitting without a jury, enters a judgment after hearing the testimony and reviewing the evidence, that judgment will be affirmed on appeal if there is credible evidence to support the judgment and if the judgment is not palpably wrong or manifestly unjust. City of Bridgeport v. Citizens Action Committee, 571 So.2d 1089 (Ala.1990).
In the present case, both parties testified that they did not have an agreement of any kind as to how the profits and losses of the business were to be shared. On their tax returns, the business was listed as a sole proprietorship, not a partnership. The parties did not obtain a federal tax identification number for a partnership.
Prior to their divorce, the parties paid the bills for the business from their joint bank account. After the divorce, the joint bank account was closed, and the wife opened an operating account for the business. The husband was not listed on the business operating account. Before the divorce, the husband would sometimes open the business and operate it until the employees arrived, and he would occasionally work the cash register. After the divorce, the husband no longer opened the business or worked the cash register. In fact, after the divorce, the husband no longer had a key to the place of business. The husband never requested to see the books for the business and he never inquired about a profit and loss statement for the business. After the divorce, the husband was not involved in the operation or management of the business.
In view of the above, there was credible evidence to support the trial court’s determination, and this court cannot conclude that the trial court’s actions were palpably wrong.
The judgment is affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.